Filed 2/26/13  P. v. Hernandez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CARLOS ARTURO HERNANDEZ,<br><br>    Defendant and Appellant. | G046096<br><br>(Super. Ct. No. 07CF2844)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Carla Singer, Judge.  Affirmed in part, reversed in part, and remanded for resentencing.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Andrew Mestman and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

Defendant Carlos Arturo Hernandez was convicted of a number of sex offenses involving children under 14 years of age. The trial court imposed 15-year-to-life terms on two of the counts that do not qualify for such a sentence under Penal Code[1] section 667.61. We therefore remand the matter to the trial court for resentencing.

## I

## FACTS

As defendant raises only a sentencing issue on appeal, there is no need to recite the evidence at trial. On July 28, 2008, the Orange County District Attorney filed an information against defendant alleging he committed a number of sex offenses in the summer of 2007. Specifically, it charged defendant with a forcible lewd act on a child under 14 (§ 288, subd. (b)(1); count one), sodomy of a child under 14 (§ 286, subd. (c)(1); count two), oral copulation on a child under 14 (§ 288a, subd. (c)(1); count three), three counts of lewd act on a child under 14 (§ 288, subd. (a); counts four, five, and six),[2] distribution of pornography to a minor (§ 288.2, subd. (a); count seven), and furnishing marijuana to a minor (Health & Saf. Code, § 11361, subd. (a); count 8). The information further alleged counts one through six involved more than one victim (§ 667.61, subd. (c)(1)), and defendant engaged in substantial sexual conduct in committing the offense alleged in count one. (§ 1203.066, subd. (a)(8).)

The jury found defendant guilty on all counts, found defendant engaged in substantial sexual conduct in the commission of the offense charged in count one, and found defendant committed a lewd offense on more than one child under 14.

The trial court sentenced defendant to an indeterminate term of 60 years to life and a consecutive determinate term of five years eight months. Specifically, the court imposed a 15-years-to-life term on count one, designating it as the principal term. The

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] These counts alleged three different victims.

2

court then imposed consecutive 15-year-to-life terms on counts three, five, and six. The court imposed 15-year-to-life terms on counts two and four and ordered those terms to be served concurrently with the sentence imposed on count one. After sentencing defendant to the above indeterminate term, the court imposed a determinate sentence of five years, the middle term, for furnishing marijuana to a minor (count eight) and a consecutive term of eight months (one-third the middle term) on count seven.

## II

## DISCUSSION

Section 667.61 provides an alternate sentencing scheme for certain sex offenses. (*People v. Jones* (2012) 54 Cal.4th 350, 368.) When a defendant is convicted of one or more of the listed offenses against than one victim, section 667.61 provides for a sentence of 15 years to life. (§ 667.61, subds. (b), (e)(4).) The offenses that qualify for the enhanced sentencing are: "(1) Rape, in violation of paragraph (2) or (6) of subdivision (a) of Section 261. [¶] (2) Spousal rape, in violation of paragraph (1) or (4) of subdivision (a) of Section 262. [¶] (3) Rape, spousal rape, or sexual penetration, in concert, in violation of Section 264.1. [¶] (4) Lewd or lascivious act, in violation of subdivision (b) of Section 288. [¶] (5) Sexual penetration, in violation of subdivision (a) of Section 289. [¶] (6) Sodomy, in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d), of Section 286. [¶] (7) Oral copulation, in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d), of Section 288a. [¶] (8) Lewd or lascivious act, in violation of subdivision (a) of Section 288. [¶] (9) Continuous sexual abuse of a child, in violation of Section 288.5." (§ 667.61, subd. (c).) Defendant argues the trial court erred in imposing indeterminate sentences on counts two (§ 286, subd. (c)(1)) and three (§ 288a, subd. (c)(1)). The Attorney General agrees.

Section 286, subdivision (c)(1), the offense charged in count two of the information, provides: "Any person who participates in an act of sodomy with another person who is under 14 years of age and more than 10 years younger than he or she shall

3

be punished by imprisonment in the state prison for three, six, or eight years." The 15-year-to-life indeterminate term provided by section 667.61 applies only if the sodomy was "in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d), of Section 286." (§ 667.61, subd. (c)(6).) Section 286, subdivision (c)(2)(A) requires the act of sodomy to be "accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person." The information did not allege and the jury did not find defendant used force, violence, duress, menace, or fear in committing sodomy. Neither did it allege nor the jury find defendant acted in concert with another as required by subdivision (d) of section 286. Because defendant's conviction in count two did not qualify for sentencing pursuant to section 667.61, the trial court erred in imposing an indeterminate sentence on count two.

The court also erred in imposing an indeterminate sentence on count three. Defendant was charged in that count with oral copulation on a child under 14 in violation of section 288a, subdivision (c)(1). Oral copulation on a child under 14 and more than 10 years younger than the defendant is punishable "by imprisonment in the state prison for three, six, or eight years." (§ 288a, subd. (c)(1).) Oral copulation in violation of section 288a is subject to an indeterminate term of prison pursuant to section 667.61 only if the oral copulation was "in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d), of Section 288a." (§ 667.61, subd. (c)(7).) Defendant was not charged with and the jury did not find defendant used force, violence, duress, menace, or fear of immediate and unlawful bodily injury, as required by subdivision (c)(2) of section 288a, or that he accomplished the offense by threatening to retaliate against the victim or another person in the future, as required by subdivision (c)(3) of section 288a, or that the oral copulation was committed while defendant was acting in concert with another, as set required by subdivision (d)(1) of section 288a.

4

Because defendant's convictions on counts two and three did not qualify for sentencing under section 667.61, the court erred in imposing 15 year-to-life terms on each count.  We therefore remand the matter to the trial court for resentencing.

III

DISPOSITION

The convictions are affirmed and the matter is remanded for resentencing.

MOORE, J.

WE CONCUR:

O'LEARY, P. J.

BEDSWORTH, J.