*352 Opinion
CHIN, J.
Defendant Jarvonne Feredell Jones, a convicted felon, carried a loaded and concealed firearm. We must decide to what extent, if any, he may be punished separately for the crimes of possession of a firearm by a felon, carrying a readily accessible concealed and unregistered firearm, and carrying an unregistered loaded firearm in public. The question requires us to interpret Penal Code section 654,[1] which prohibits multiple punishment for “[a]n act . . . that is punishable in different ways by different provisions of law.” Because different provisions of law punish in different ways defendant’s single act, we conclude that section 654’s plain language prohibits punishment for more than one of those crimes.
I. Factual And Procedural History
On May 26, 2008, police searched the car defendant, a convicted felon, was driving and found in a door panel a loaded .38-caliber revolver that was not registered to him. Defendant said he had bought the gun already loaded three days earlier “for protection.” He explained that he had kept the gun at his grandmother’s house and had “just picked the gun up from there and that’s why the gun was in the car.”
A jury convicted defendant of three crimes: possession of a firearm by a felon (former § 12021, subd. (a)(1) [now § 29800, subd. (a)(1) (Stats. 2010, ch. 711, § 6)]; count one), carrying a readily accessible concealed and unregistered firearm (former § 12025, subd. (b)(6) [now § 25400, subd. (c)(6) (as amended by Stats. 2011, ch. 15, § 543)]; count two), and carrying an unregistered loaded firearm in public (former § 12031, subd. (a)(2)(F) [now § 25850, subd. (c)(6) (as amended by Stats. 2011, ch. 15, § 544)]; count three). The superior court sentenced him to state prison for the upper term of three years on each count, to be served concurrently, plus a one-year enhancement for a prior prison term, for a total sentence of four years.
Defendant appealed. He argued that execution of the sentences for counts two and three had to be stayed under section 654. The Court of Appeal agreed that the sentence for either count two or three had to be stayed, but it held that multiple punishment is appropriate as between the first count and either of the other two counts. It modified the judgment to stay execution of the sentence on count three and affirmed the judgment as modified.
We granted defendant’s petition for review to decide whether section 654 prohibits multiple punishment for his convictions.
*353 II. Discussion
As relevant, section 654, subdivision (a), provides: “An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision.” We must decide how this provision applies to defendant’s three convictions.
The trial court imposed concurrent sentences. But doing so is not correct if section 654 prohibits multiple punishment. “It has long been established that the imposition of concurrent sentences is precluded by section 654 [citations] because the defendant is deemed to be subjected to the term of both sentences although they are served simultaneously.” (People v. Miller (1977) 18 Cal.3d 873, 887 [135 Cal.Rptr. 654, 558 P.2d 552].) Instead, the accepted “procedure is to sentence defendant for each count and stay execution of sentence on certain of the convictions to which section 654 is applicable.” (Id. at p. 886; see People v. Sloan (2007) 42 Cal.4th 110, 116 [64 Cal.Rptr.3d 137, 164 P.3d 568].) Accordingly, although there appears to be little practical difference between imposing concurrent sentences, as the trial court did, and staying sentence on two of the convictions, as defendant urges, the law is settled that the sentences must be stayed to the extent that section 654 prohibits multiple punishment. So the issue is squarely presented. Does section 654 prohibit multiple punishment in this case?
When arrested, defendant was carrying, and thus possessing, a single firearm, which seems to be a single physical act. Because defendant is a felon and the gun was both loaded and concealed, that act is made punishable by three different provisions of law, specifically, former sections 12021, subdivision (a)(1), 12025, subdivision (b)(6), and 12031, subdivision (a)(2)(F). Thus, by its terms, section 654 seems to preclude punishment for more than one of those provisions.
But the question is not so simple. Two four-decade-old decisions—one from the Court of Appeal that is almost directly on point, and an earlier four-to-three decision from this court—strongly support the Court of Appeal’s conclusion that punishment for at least two of these provisions of law is permissible. (In re Hayes (1969) 70 Cal.2d 604 [75 Cal.Rptr. 790, 451 P.2d 430] (Hayes)\ People v. Harrison (1969) 1 Cal.App.3d 115 [81 Cal.Rptr. 396] (Harrison).) Harrison’s holding, and the Court of Appeal’s in this case, were reasonable in light of Hayes, although, as we will explain, the Hayes rationale would actually permit punishment for all three crimes, a conclusion that would run afoul of more recent Court of Appeal decisions.
*354 We first examine exactly what the Court of Appeal did and why. It concluded that a felon who possessed or carried a single gun may not be punished separately if the gun is an inherently unlawful firearm, such as a sawed-off rifle. But a felon may be punished separately for possessing a gun in an unlawful way, such as having it loaded or concealed. Even then, such a felon may be punished only once even if, as here, the possession is unlawful in more than one way. The Court of Appeal based this conclusion on precedent. The court was reasonable to do so, as precedent supports all parts of its conclusion.
As the Court of Appeal explained, cases have held that section 654 precludes multiple punishment when a felon possesses an inherently unlawful firearm. (People v. Scheidt (1991) 231 Cal.App.3d 162, 170 [282 Cal.Rptr. 228] [sawed-off shotgun]; People v. Perry (1974) 42 Cal.App.3d 451,456 [116 Cal.Rptr. 853] [sawed-off rifle].) Additionally, cases not involving felons have precluded multiple punishment for possessing a single firearm in two unlawful ways. (People v. Hurtado (1996) 47 Cal.App.4th 805, 808, 816 [54 Cal.Rptr.2d 853] [carrying a concealed and loaded firearm]; In re Joseph G. (1995) 32 Cal.App.4th 1735, 1743-1744 [38 Cal.Rptr.2d 902] [carrying a loaded firearm in a public place and carrying a concealed weapon].) The Court of Appeal followed these cases.
But the Court of Appeal also followed an earlier decision that permitted separate punishment for (1) possession of a concealable firearm by a felon and (2) possessing a loaded firearm, even though both crimes involved the same firearm. (Harrison, supra, 1 Cal.App.3d 115.) The Harrison court explained that the “two statutes strike at different things. One is the hazard of permitting ex-felons to have concealable firearms, loaded or unloaded; the risk to public safety derives from the type of person involved. The other strikes at the hazard arising when any person carries a loaded firearm in public. Here, the mere fact the weapon is loaded is hazardous, irrespective of the person . . . carrying it. [f] The ‘intent or objective’ underlying the criminal conduct is not single, but several, and thus does not meet another of the tests employed to determine if Penal Code section 654 is violated. (Neal v. State of California (1960) 55 Cal.2d 11, 19-20 [9 Cal.Rptr. 607, 357 P.2d 839] . . . .) For an ex-convict to carry a concealable firearm is one act. But loading involves separate activity, and while no evidence shows that appellant personally loaded the pistol, there seem[s] little distinction between loading and permitting another to do so. Thus, two acts, not a single one, are necessarily involved and bring our case outside the prohibition against double punishment for a single act or omission.” (Harrison, supra, at p. 122.)
As did the Court of Appeal, we could follow all of these cases and announce that when the defendant is convicted of multiple crimes for *355 possessing or carrying a single firearm, including possession by a felon, the rule is that (1) he may be punished for possession by a felon, (2) he may not be punished separately for possessing an inherently unlawful firearm, and (3) he may be punished separately for possessing a firearm in an unlawful way but only once, even if he possesses it in more than one unlawful way. Authority supports all components of this rule. But such a rule would make little, if any, sense. Why should separate punishment be prohibited for possessing an inherently unlawful firearm but permitted (although only once) for possessing a firearm in an unlawful manner? The Legislature has outlawed these various types of unlawful possession for separate reasons that “strike at different things,” to use Harrison’s phrase. (Harrison, supra, 1 Cal.App.3d at p. 122.) Harrison’s logic would seem to permit separate punishment for possessing an inherently dangerous weapon as well as possessing a firearm in an unlawful way, and also for each different way in which the possession was unlawful. Moreover, this rule would bear little relationship to section 654’s actual language.
Harrison, supra, 1 Cal.App.3d 115, relied heavily on Hayes, supra, 70 Cal.2d 604. In Hayes, the defendant drove while intoxicated and while possessing an invalid license. In so doing, he violated two different penal statutes: (1) driving while intoxicated and (2) driving with an invalid license. This court, by a four-to-three vote, held that section 654 does not prohibit multiple punishment for the two crimes even though they were committed simultaneously. It divided the single physical act of driving into each component of that act that is made punishable in different ways by different provisions of law. It summarized its reasoning: “In summation, then, section 654 of the Penal Code proscribes multiple punishment for a single ‘act or omission which is made punishable’[2] by different statutes, i.e., a single criminal act or omission. Since the mere act of driving is made punishable by no statute, it is not the type of act or omission referred to in section 654. The acts ‘made punishable’ which this petitioner committed were (1) driving with a suspended license and (2) driving while intoxicated, two separate and distinct criminal acts; that they were committed simultaneously and that they share in common the neutral noncriminal act of driving does not render petitioner’s punishment for both crimes in conflict with Penal Code section 654.” {Hayes, at p. 611.)
Chief Justice Traynor dissented. He relied heavily on section 654’s plain language in concluding that the statute permitted only one punishment for the *356 single act of driving, even though that act violated two criminal statutes. “The Attorney General contends, however, that Vehicle Code sections 14601 and 23102 [(the criminal provisions at issue)] have different public purposes directed at distinct evils, and that the driver who violates both statutes simultaneously should be doubly punished because he is invading two social interests that the Legislature had designated for distinct protection by the enactment of two different statutes. In a jurisdiction without a multiple punishment rule like that of Penal Code section 654, this ‘distinct evil’ test might aid the courts in ascertaining whether the Legislature intended cumulative punishments for simultaneous violations of statutes like Vehicle Code sections 14601 and 23102. [Citations.] In California, however, when the rule of section 654 precluding multiple punishment applies, the courts cannot invoke the ‘distinct evil’ test to evade that statutory rule.” {Hayes, supra, 70 Cal.2d at p. 613 (dis. opn. of Traynor, C. J.).)
The rationale of Hayes, supra, 70 Cal.2d 604, would permit multiple punishment in many cases when a single physical act is made punishable by different provisions of law. Different provisions of law punishing the same physical act—for example, driving while intoxicated and on an expired license, or a felon’s carrying a loaded and concealed firearm—are generally directed at distinct societal evils. It might make sense to punish these distinct evils separately, and a criminal justice system could logically and reasonably do so. But doing so would be contrary to section 654’s plain language, which prohibits multiple punishment for “[a]n act or omission that is punishable in different ways by different provisions of law.”
In this case, for example, Hayes’ s rationale would seem to permit punishment for all three of defendant’s crimes. The act of firearm possession, by itself, is innocent. Thus, under Hayes, we would have to consider the unlawful components of that act, i.e., defendant was a felon, the firearm was loaded, and the firearm was concealed. To adapt Hayes’ s rationale to this case, the fact that these acts “were committed simultaneously and that they share in common the neutral noncriminal act of [gun possession] does not render [defendant’s] punishment for [all three] crimes in conflict with Penal Code section 654.” {Hayes, supra, 70 Cal.2d at p. 611.)
Indeed, Hayes itself comes very close to saying that punishment for these precise crimes is permissible. It gives an example of how its analysis would work in a different situation: “Similarly, for example, if an individual went for a walk in possession of a loaded gun while he was intoxicated and unclothed, he would by the single neutral act of walking—or, more accurately, being in a ‘public place’—simultaneously violate three separate and unrelated statutes. (Pen. Code, §§ 12031, subd. (a); 647, subd. (f); 314.) Those three statutes, however, would be violated not by the one noncriminal *357 act of being in a public place but necessarily by three simultaneous though separate criminal acts. Once again, we must distinguish identical noncriminal acts from simultaneous criminal acts ‘made punishable’ by law.” (Hayes, supra, 70 Cal.2d at p. 608, fn. omitted.) It is hard to imagine how each crime in this example could be punished, but not each crime in this case.
The more recent Court of Appeal cases have generally ignored Hayes, supra, 70 Cal.2d 604, and many of their results limiting multiple punishment seem inconsistent with its reasoning. The four cases discussed above that the Court of Appeal cited and distinguished make no effort to reconcile their holdings with Hayes. (People v. Hurtado, supra, 47 Cal.App.4th 805; In re Joseph G., supra, 32 Cal.App.4th 1735; People v. Scheidt, supra, 231 Cal.App.3d 162; People v. Perry, supra, 42 Cal.App.3d 451.) None of these cases cites Hayes. None explains why multiple punishment should be prohibited for possessing an inherently unlawful firearm but not for possessing a firearm in an unlawful way, or why the latter may only be punished once even if the possession was unlawful in more than one way.
We believe the current state of the law is untenable. The more recent Court of Appeal cases discussed above are mutually consistent and have reached results that we believe are more consistent with section 654’s plain language than that of Harrison, supra, 1 Cal.App.3d 115. Harrison is the anomaly, not the more recent cases. We need a rule that is consistent with the current cases, that can lead to predictable results, and that more closely tracks section 654’s plain language. Accordingly, we disapprove People v. Harrison, supra, 1 Cal.App.3d 115, and hold that a single possession or carrying of a single firearm on a single occasion may be punished only once under section 654.
We must also decide what to do with Hayes, supra, 70 Cal.2d 604. Its rationale is dubious and overbroad. Over the years, it has led to inconsistent and unpredictable results. Numerous cases, generally more recent ones, have found a section 654 violation in a way that seems inconsistent with Hayes’s rationale. (In addition to the cases discussed above, see, e.g., People v. Williams (2009) 170 Cal.App.4th 587, 645-646 [88 Cal.Rptr.3d 401] [§ 654 prohibits multiple punishment for possession of a firearm by a felon and possession of a controlled substance while armed]; People v. Lopez (2004) 119 Cal.App.4th 132, 137-139 [13 Cal.Rptr.3d 921] [§ 654 prohibits multiple punishment for unlawful possession of a firearm and unlawful possession of ammunition].) These cases simply do not cite Hayes.
Hayes, supra, 70 Cal.2d 604, has been followed on occasion, including at least once by this court. In In re Michael B. (1980) 28 Cal.3d 548, 556-557 [169 Cal.Rptr. 723, 620 P.2d 173], this court invoked Hayes to permit *358 multiple punishment for vehicle theft and driving without a license. (See People v. Martinez (2007) 156 Cal.App.4th 851, 857 [67 Cal.Rptr.3d 670] [multiple punishment permitted for driving on a suspended license and driving under the influence of alcohol]; People v. Butler (1986) 184 Cal.App.3d 469, 471—474 [229 Cal.Rptr. 103] [multiple punishment permitted for felony hit and run and vehicular manslaughter]; People v. Rowland (1971) 21 Cal.App.3d 371, 374-377 [98 Cal.Rptr. 419] [multiple punishment permitted for receiving stolen property and petty theft through acquiring a credit card (i.e., some of the same stolen property) without the owner’s consent with intent to use or sell it].) Martinez is essentially the Hayes situation. Butler (vehicular manslaughter followed by fleeing the scene) • and Michael B. (stealing the car and driving it) seem to have been two-act cases. Rowland was analyzed as a two-act case—one act of acquiring the stolen property and a later act of keeping the credit cards for the purpose of using or selling them. Thus, it appears that Michael B., Butler, and Rowland may have been correct even apart from Hayes.
In People v. Correa (2012) 54 Cal.4th 331 [142 Cal.Rptr.3d 546, 278 P.3d 809], also decided today, we are disapproving language in one of our cases to bring our section 654 jurisprudence closer to the statutory language. We should do the same here. Accordingly, we conclude that In re Hayes, supra, 70 Cal.2d 604, has no continuing vitality, and we overrule it. Section 654 prohibits multiple punishment for a single physical act that violates different provisions of law. This rule is generally consistent with the holdings of more recent Court of Appeal decisions that would otherwise be hard to reconcile with Hayes, and, especially important, with section 654’s plain language.
We recognize that what is a single physical act might not always be easy to ascertain. In some situations, physical acts might be simultaneous yet separate for purposes of section 654. For example, in Hayes, both the majority and the dissenters agreed that, to use Chief Justice Traynor’s words, “simultaneous possession of different items of contraband” are separate acts for these purposes. {Hayes, supra, 70 Cal.2d at p. 612 (dis. opn. of Traynor, C. J.); see id. at pp. 606-607 (maj. opn.).) As Chief Justice Traynor explained, “the possession of one item is not essential to the possession of another separate item. One does not possess in the abstract; possession is meaningless unless something is possessed. The possession of each separate item is therefore a separate act of possession.” {Id. at p. 613 (dis. opn. of Traynor, C. J.).) We do not intend to cast doubt on the cases so holding.[3]
*359 The Attorney General argues that separate acts did occur here. She notes that defendant told the police that he had obtained the gun three days before it was found in his car, and he had kept it at his grandmother’s house. She argues that keeping the gun at the house and carrying it in the car were separate acts. The Court of Appeal acknowledged this argument but refused-to rely on it. It explained that “the People did not argue defendant was guilty of possession three days before his arrest: The prosecutor mentioned defendant’s admission that he bought the gun three days before to bolster the theory that defendant knowingly possessed the gun, not to base liability on possession before the date of arrest.” The Court of Appeal was correct.
The record establishes that the jury convicted defendant of each crime due to his being caught with the gun in the car on May 26, 2008, not due to any antecedent possession. The amended information alleged that defendant committed all three crimes on or about May 26, 2008, the day he was arrested, and the verdicts all found defendant guilty as charged. The prosecutor’s entire jury argument based defendant’s guilt on his possessing the gun when arrested and not earlier. He began his argument by stating that the evidence showed “that on the date in question Mr. Jones possessed the firearm in question. And that’s why we’ve got him charged with being a felon in possession of a firearm, possessing a concealed firearm, possessing a loaded firearm.” Later, he explained to the jury that there were “three different counts for the same exact conduct.” Thus, defendant’s guilt on all three charges was premised solely on his having the gun in his car when arrested on May 26, 2008, not on any different acts. We express no opinion on what the outcome might be under other facts.
Additionally, former section 12021 criminalized possessing the firearm, while former sections 12025 and 12031 criminalized carrying it. But under the facts of this case, the possession and the carrying were the same act, not two separate acts. Defendant had the gun in his car when arrested, which meant he both carried it and possessed it. Again, we express no opinion on what the outcome might be under other facts.
The separate opinions in this case agree with the outcome here and with our overruling of Hayes, supra, 70 Cal.2d 604, and disapproving of Harrison, supra, 1 Cal.App.3d 115, both of which had found multiple acts in what were actually single-act cases. But, instead of finding a single act, they would instead rely on a test generally applied when there has been a course of conduct rather than a single criminal act, namely, the “intent and objective” test created in Neal v. State of California, supra, 55 Cal.2d 11. (See generally People v. Latimer (1993) 5 Cal.4th 1203, 1207-1212 [23 Cal.Rptr.2d 144, 858 P.2d 611].) They argue that because defendant told the police he possessed the gun for protection, and the evidence showed no other intent or objective, we should find a single objective that may be punished but once.
*360 Finding a single objective here might resolve this particular case. But what if the evidence also showed that the defendant wanted to intimidate rival gang members, or go hunting, or harbored any other of the myriad possible objectives for illegally possessing a firearm? Would multiple punishment be allowed in that case? Or what if the evidence does not show what the defendant’s objective was? A defendant does not have to talk to the police. What is the court to do then? Rather than force the court to divine what objective or objectives the defendant might have had in possessing the firearm, we find it better to rely on section 654’s actual language in resolving this single-act case. Moreover, it would be harder to overrule or disapprove past cases for diverging from the statutory language if we were to decide the case on a basis that bears no relation at all to that language. Accordingly, we conclude this case should be decided on the basis that it involves a single act or omission that can be punished but once.
It might make sense to punish more severely a firearm possession that violates multiple penal provisions than a firearm possession that violates only one penal provision. Any time it wishes, the Legislature can change the law and permit multiple punishment in a situation like this. But we must interpret the statutes as they exist. Because defendant’s convictions were based on a single act, section 654 prohibits multiple punishment. As previously noted, we overrule In re Hayes, supra, 70 Cal.2d 604, and disapprove People v. Harrison, supra, 1 Cal.App.3d 115.
III. Conclusion
We reverse the judgment of the Court of Appeal and remand the matter to that court for further proceedings consistent with this opinion.
Kennard, Acting C. J., Baxter, J., Corrigan, J., and Sepulveda, J.,* concurred.

 All further statutory citations are to the Penal Code unless otherwise indicated.

 Section 654 had slightly different language at the time of Hayes, supra, 70 Cal.2d 604, than today. As enacted in 1872 and as still in effect in 1969 at the time of Hayes, section (a) of the statute provided: “An act or omission which is made punishable in different ways by different provisions of this Code may be punished under either of such provisions, but in no case can it be punished under more than one ... .” The language difference is irrelevant to this issue.

 The Court of Appeal in this case also discussed cases concerning how section 654 applies to a defendant who is convicted of possession of a firearm by a felon and of committing a separate crime with that firearm. (See People v. Jones (2002) 103 Cal.App.4th 1139, 1144—1146 [127 Cal.Rptr.2d 319] [collecting and discussing the cases].) These cases concern a very different situation, and we do not intend to cast doubt on them.

 Associate Justice of the Court of Appeal, First Appellate District, Division Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.