LIU, J., Concurring.
The doctrine of lesser included offenses is, at its core, a doctrine about legislative intent. It “is part of the constitutional guarantee against double jeopardy.” (People v. Smith (1950) 36 Cal.2d 444, 448 [224 P.2d 719]; see People v. Kehoe (1949) 33 Cal.2d 711, 713 [204 P.2d 321].) “[0]nce a conviction on the lesser offense has been obtained, ‘ “to . . . convict of the greater would be to convict twice of the lesser.” ’ [Citations.]” (People v. Fields (1996) 13 Cal.4th 289, 306 [52 Cal.Rptr.2d 282, 914 P.2d 832].) Importantly, double jeopardy principles do not bar a legislature from authorizing multiple convictions and multiple punishments for necessarily included offenses. (Garrett v. United States (1985) 471 U.S. 773, 779 [85 L.Ed.2d 764, 105 S.Ct. 2407]; Brown v. Ohio (1977) 432 U.S. 161, 165 [53 L.Ed.2d 187, 97 S.Ct. 2221].) Instead, the rule against multiple convictions of necessarily included offenses is a judicially created doctrine premised on the notion that the legislature “ordinarily does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the ‘same offense,’ they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent.” (Whalen v. United States (1980) 445 U.S. 684, 692 [63 L.Ed.2d 715, 100 S.Ct. 1432].)
*746 Here, the legislative intent is clear on the face of the statute. Former Penal Code section 12021.1, subdivision (a) (hereafter section 12021.1(a)) expressly states that it applies “[Notwithstanding subdivision (a) of Section 12021 . . . .” This is a clear expression of the Legislature’s intent that a defendant whose conduct violates former Penal Code section 12021, subdivision (a)(1) (hereafter section 12021(a)(1)) may also be convicted under section 12021.1(a). Accordingly, I agree that the judgment of the Court of Appeal must be reversed insofar as it reversed defendant’s convictions on counts two and four.
I agree with the court’s application of People v. Correa (2012) 54 Cal.4th 331 [142 Cal.Rptr.3d 546, 278 P.3d 809] and People v. Jones (2012) 54 Cal.4th 350 [142 Cal.Rptr.3d 561, 278 P.3d 821] to hold that defendant may be punished separately for two violations of section 12021(a)(1) and of section 12021.1(a) based on his simultaneous possession of two firearms, but that defendant may not be punished separately for violations of sections 12021(a)(1) and 12021.1(a) based on possession of the same firearm.