Filed 11/25/13  P. v. Garcia CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN MICHAEL GARCIA,<br><br>    Defendant and Appellant. | H039147<br>(Santa Clara County<br>Super. Ct. No. C1119979) |
| In re STEVEN MICHAEL GARCIA,<br><br>    on Habeas Corpus. | H039962 |

Defendant Steven Michael Garcia appeals from his conviction for two methamphetamine-related drug offenses.  On appeal, Garcia contends—and the government concedes—the trial court erred by (1) ordering Garcia to pay attorney's fees without conducting a hearing or finding unusual circumstances as required by Penal Code section 987.8, and (2) imposing a concurrent sentence rather than staying one of the sentences as required by Penal Code section 654.  In a petition for a writ of habeas corpus, which we have ordered considered together with the appeal, Garcia asserts that his trial counsel rendered ineffective assistance of counsel by advising Garcia not to testify at trial.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

An information filed on June 22, 2012, charged Garcia with two related felony counts for violations of the Health and Safety Code based on a single incident in which police found plastic baggies of methamphetamine in Garcia's pocket.  Count 1 charged Garcia with possession of methamphetamine for sale (Health & Saf. Code, § 11378); count 2, with transportation, sale, and distribution of methamphetamine (*id*., § 11379, subd. (a)).  The information also alleged numerous prior convictions for arson, possession of a controlled substance, and transportation/sale of a controlled substance.

At trial the arresting officer testified that, on the way to the police station following the arrest, Garcia stated "I'm not a big dealer.  I just deal to support my habit.  Could you just give me possession."  The officer also testified that he believed Garcia intended to sell the methamphetamine based on the way it was prepackaged into multiple smaller portions or "bindles."  Garcia did not take the stand.  A jury convicted Garcia of both counts on August 24, 2012.  The trial court found all of the alleged prior convictions to be true.

At Garcia's sentencing hearing, the trial court imposed a six-year sentence on count 2 and a concurrent four-year sentence on count 1.  The court also ordered Garcia to pay attorney's fees without holding a hearing regarding his ability to pay.  Initially, the court ordered Garcia to pay $1,000 in attorney's fees, but reduced the amount to $100 after Garcia's trial counsel objected on the basis of Garcia's "lengthy impending incarceration and lack of ability to pay."

## II.  DISCUSSION

### A.  *Attorney's Fees*

Penal Code "[s]ection 987.8 authorizes the [trial] court to order criminal defendants to pay all or part of the cost of their appointed counsel after the trial court determines the defendant has a present ability to pay." (*People v. Lopez* (2005) 129 Cal.App.4th 1508, 1537.)  The court is authorized to make an ability to pay determination

only "after notice and a hearing." (Pen. Code, § 987.8, subd. (b).) The statute "contains a presumption that those sentenced to prison are unable to pay." (*People v. Lopez*, *supra*, at p. 1537.) Accordingly, "before ordering a state prisoner to reimburse his or her attorney," the trial court must make "an express finding of unusual circumstances." (*Ibid.*; see also Pen. Code, § 987.8, subd. (g)(2)(B).)

As the government concedes, here, the trial court erred by imposing attorney's fees without holding a hearing on Garcia's ability to pay and without making a finding of unusual circumstances. We agree with the parties that, given the de minimis nature of the fees imposed, judicial economy concerns counsel in favor of an order striking the fees rather than remanding for further proceedings. Therefore, we strike the order requiring Garcia to pay attorney's fees.

### B. Sentencing

Garcia contends, and the government concedes, that his sentence violates Penal Code section 654, subdivision (a), which precludes multiple punishment for a single "act or omission that is punishable in different ways by different provisions of law." We agree.

Concurrent sentences constitute multiple punishment and are " 'precluded by [Penal Code] section 654 [citations] because the defendant is deemed to be subjected to the term of *both* sentences although they are served simultaneously.' " (*People v. Jones* (2012) 54 Cal.4th 350, 353.) "Instead, the accepted 'procedure is to sentence defendant for each count and stay execution of sentence on certain of the convictions to which [Penal Code] section 654 is applicable.' " (*Ibid.*) The court imposed multiple punishment by imposing a concurrent sentence on count 1. Because the same act— possessing multiple plastic baggies of methamphetamine—gave rise to the charges in counts 1 and 2, the sentence violates Penal Code section 654.

## III. WRIT PETITION

In his petition for a writ of habeas corpus, Garcia contends that his trial counsel's representation fell below the standards for effective assistance of counsel because his trial counsel advised him not to testify at trial. According to Garcia's petition, he would have testified that he never told the arresting officer that he "sold to support [his] habit," as the officer testified.

"The petitioner in a habeas corpus proceeding bears the initial burden of demonstrating that he or she has been deprived of effective assistance of counsel. [Citation.] He or she must establish that no reasonably competent attorney would have done what defense counsel did and that he or she was prejudiced by defense counsel's conduct [citation], i.e., that it is reasonably probable a more favorable determination would have resulted in the absence of counsel's failings." (*People v. Bautista* (2004) 115 Cal.App.4th 229, 238.) Garcia has not carried his burden on either prong.

With respect to the first prong, in view of the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," we conclude that a reasonably competent criminal attorney might advise his or her client not to testify under the circumstances of this case. (*People v. Maury* (2003) 30 Cal.4th 342, 389.) First, Garcia would have been cross-examined and impeached with his multiple prior convictions had he testified. Second, if Garcia had taken the stand, it would have been Garcia's word against the officer's as to what Garcia said following his arrest. Third, there was other evidence of Garcia's intent to sell, including the officer's testimony that dealers often carry and sell bindles like those found on Garcia. Defense counsel could reasonably have decided that the jury was unlikely to believe Garcia, or that it was likely to convict even if it credited his testimony.

For the same reasons, we conclude that it is not reasonably probable a more favorable determination would have resulted had Garcia testified, such that Garcia has failed to establish prejudice.

**IV. DISPOSITION**

The judgment is modified to strike the order for attorney's fees and stay the execution of the sentence for count 1. The clerk of the superior court is directed to amend the abstract of judgment in accordance with this disposition and transmit the amended abstract to the Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.

The petition for writ of habeas corpus is denied.

_____
Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Márquez, J.

5