Filed 6/25/14  P. v. Guerrero CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B249729 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. PA074183) |
| MANUEL GUERRERO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Affirmed.

Joy A. Maulitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Chung Mar and Jessica C. Owen, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

A jury convicted defendant Manuel Guerrero of discharging a firearm with gross negligence (Pen. Code, § 246.3, subd. (a)[1] (count 1), carrying a loaded firearm (§ 25850, subd. (a)) (count 2), and possession of a firearm by a felon with prior convictions (§ 29800, subd. (a) (count 3). Guerrero admitted five prior conviction (alleged pursuant to § 667.5, subd. (b)). The court sentenced Guerrero to a total of seven years and eight months in state prison, consisting of seven years as to count 1 (a three-year base term plus one year for each of the prior convictions, with two prior convictions merging into one for sentencing purposes (§ 667.5, subd. (b)); plus an eight-month sentence on count 2, to run consecutively to the sentence in count 1. The court imposed a 16-month sentence on count 3 but ordered the sentence stayed pursuant to section 654.

On appeal, Guerrero contends that there was insufficient evidence to support his conviction on count 2 of carrying a loaded firearm, and that even if we disagree, the sentence on count 2 should be stayed pursuant to section 654 because there was no evidence of possession of a gun separate from his discharging a gun. Because we disagree with both contentions, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

Rosalinda Fuentes and her boyfriend, Pedro Lopez, rented one bedroom in a five-bedroom house in Arleta. About 15 other people occupied the home. On the evening of July 27, 2012, one of their housemates, Brenda Nuñez, was having a party in the back of the house and the backyard. Fuentes and Lopez were in their room along with their young daughter. Sometime after midnight, Fuentes and Lopez looked out their window, which faced out the front of the house, and saw several people leaving the party. A moment later, they saw Nuñez, Guerrero, and a woman named Brittany walking out of the front of the house to the end of the driveway. The three stood talking for a moment,

---

[1]     All further statutory references are to the Penal Code.

then Guerrero "pulled out" or "brought out" a gun and fired it three times off to the side. Fuentes grabbed her daughter and threw herself onto the ground. Lopez called the police.

The police arrived about 10 to 15 minutes later. Los Angeles Police Officer Keith Crawford, assigned to the Mission Division's Gang Enforcement Detail, searched the scene for evidence. He found three spent bullet casings in the area where Guerrero had been standing when he fired the gun. Lopez identified Guerrero as the shooter at the scene that night.

The police showed Lopez a photographic six-pack lineup two days after the incident. He chose Guerrero's photograph but said he was not positive that the photograph depicted the shooter.

Dr. Mitchell Eisen testified as an expert on eyewitness identification for the defense.

This timely appeal followed.

## DISCUSSION

### I. Substantial Evidence Supported the Conviction of Carrying a Loaded Firearm

*A.     Standard of Review*

"In reviewing a claim of insufficiency of the evidence, we review the record to determine whether it contains substantial evidence from which a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) The test is whether the trier of fact's conclusions are supported by substantial evidence, i.e., evidence that is reasonable in nature, credible, and of solid value. (*Id.* at p. 577.) We consider the evidence in a light most favorable to the judgment and draw reasonable inferences in support of the judgment. (*People v. Pensinger* (1991) 52 Cal.3d 1210, 1236-1237.)" (*People v. McElroy* (2005) 126 Cal.App.4th 874, 881.)

3

*B.     Analysis*

Guerrero contends that there was no substantial evidence introduced at trial to establish that he "carried" a firearm as required to satisfy the elements of count 2, carrying a loaded firearm.  (§ 25850, subd. (a).)  He argues there was "no evidence that he transported it from one place to another, even for one step."

Section 25850, subdivision (a) provides in relevant part that "[a] person is guilty of carrying a loaded firearm when the person carries a loaded firearm on the person or in a vehicle while in any public place or on any public street."  Guerrero contends that there was no evidence that he had the gun on his person before he fired it.  He speculates that "[w]hile the gun may have been in appellant's clothing before he 'pulled it out,' it is entirely possible that it was in his backpack or some other type of bag, or in Nuñez's or Brittany's hand or bag, or elsewhere.  [Citation.]  There simply was no proof that the firearm was on appellant's person when he pulled it out to fire it."  We disagree.

"'"An appellate court must accept logical inferences that the jury might have drawn from the evidence even if the court would have concluded otherwise.  [Citations.]"'  (*People v. Halvorsen* (2007) 42 Cal.4th 379, 419.)"  (*People v. Solomon* (2010) 49 Cal.4th 792, 811-812.)  Fuentes and Lopez testified they watched Guerrero walk out of the house and, as he talked with the others, he "pulled out" a gun.  The jury naturally would have drawn the inference from the testimony that Guerrero "pulled out" or "brought out" a gun from his person.  Indeed, it would be entirely speculative to infer otherwise.  There was substantial evidence to support Guerrero's conviction on count 2, and we therefore affirm the conviction.

## II.     The Court Was Not Required to Stay the Sentence on Count 2

Guerrero further contends that his sentence on count 2 should have been stayed pursuant to section 654 "because the carrying of the loaded firearm was not distinctly separate from and antecedent to the discharge of the firearm already punished in Count 1."  We disagree.

4

Section 654, subdivision (a) provides in relevant part that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

"It is established law that section 654 does not interdict multiple prosecutions where a single act may constitute more than one crime; however, it does forbid the imposition of multiple punishment on convictions growing out of a single criminal act. [Citations.] '"Section 654 has been applied not only where there was but one 'act' in the ordinary sense . . . but also where a course of conduct violated more than one statute and the problem was whether it comprised a divisible transaction which could be punished under more than one statute within the meaning of section 654." [Citation.] [¶] Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' (*Neal v. State of California* (1960) 55 Cal.2d 11, 19, cert. denied 365 U.S. 823; accord *People v. Bauer* (1969) 1 Cal.3d 368, 376, and cases cited.)" (*People v. Venegas* (1970) 10 Cal.App.3d 814, 820-821 (*Venegas*).)

Guerrero argues that the evidence here supports only a finding of a single criminal act, his firing the gun, and that there was no evidence of his possessing the gun at any other time, or of his carrying the gun for a different purpose. Relying on the recent Supreme Court case of *People v. Jones* (2012) 54 Cal.4th 350, Guerrero argues that "[i]n cases like this one, in which there is no evidence of 'a possession distinctly antecedent and separate from the primary offense,' and there is no evidence that there was any objective for the carrying of the gun other than the firing already punished under another count, multiple punishment is improper under section 654." In *Jones*, the Supreme Court held "that a single possession or carrying of a single firearm on a single occasion may be punished only once under section 654." (*Id.* at p. 357.) The court explained: "Section 654 prohibits multiple punishment for a single physical act . . . . [¶] We recognize that what is a single physical act might not always be easy to ascertain. In some situations,

5

physical acts might be simultaneous yet separate for purposes of section 654." (*Id.* at p. 358.) In *Jones*, the court found that the defendant had been erroneously convicted of and sentenced for three crimes (possession of a firearm by a felon, carrying a readily accessible concealed and unregistered firearm, and carrying an unregistered loaded firearm in public), due to his being caught with a loaded and concealed gun in his car on one occasion, not due to any antecedent possession. (*Id.* at pp. 359, 360.) The court noted that one Penal Code statute criminalized possessing the firearm, while the two others criminalized carrying it; however, under the facts of that case, the possession and the carrying were the same act. (*Id.* at p. 359.)

Guerrero acknowledges that "[p]ossession of a gun distinctly antecedent and separate from the primary offense committed with that gun justifies punishment on both crimes. (*People v. Ratcliff* [(1990)] 223 Cal.App.3d [1401,] 1408.) Section 654 does not apply, and double punishment is allowed, therefore, where evidence shows that the defendant arrived at the scene of his or her primary crime already in possession of the firearm. (*People v. Jones* [(2002)] 103 Cal.App.4th [1139,] 1145.)" However, he argues that the present situation is instead one involving multiple punishment in contravention of section 654 for possession of a gun and an offense involving the firing of the gun, as occurred in *Venegas*, *supra*, 10 Cal.App.3d 814. There, witnesses heard shots, and then saw the defendant holding a gun. The court found that "the evidence show[ed] a possession only at the time defendant shot [the victim]. Not only was the possession physically simultaneous, but the possession was incidental to only one objective, namely to shoot [the victim]." (*Id.* at p. 821.)

Guerrero asserts that "[a]s in *Venegas*, there was no evidence in the present case that appellant carried the gun before he shot it, nor any evidence that he had any objective other than the shooting already punished in the sentence on Count 1. No one testified that appellant brought the gun to the party or to the house, or that he had it prior to the moment that he shot it. There was no evidence that he physically carried the gun from one location to another." He argues that "[t]here is no inference to be made, from the

6

evidence here, that appellant's carrying of the gun continued before and/or after the shooting."

We conclude, however, that the jury was free to infer from the evidence that Guerrero had been carrying the gun on his person before he fired it, and continued to carry the gun after he fired it. The witnesses saw him walk out from the house, down the driveway, then "pull out" the gun and fire it. Punishment for counts 1 and 2 was therefore appropriate. (See *People v. Jones*, *supra*, 103 Cal.App.4th at p. 1145 [double punishment allowed where evidence shows defendant arrived at scene of his or her primary crime already in possession of firearm].)

## DISPOSITION

The judgment of conviction is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EDMON, J.*

We concur:

EPSTEIN, P. J.

MANELLA, J.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.