Filed 12/15/15  P. v. Jones CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062039 |
| v. | (Super.Ct.No. INF1401668) |
| FRANKIE ALLEN JONES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Graham A. Cribbs, Judge. Affirmed as modified.

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury convicted defendant and appellant Frankie Allen Jones of one count of making a criminal threat (Pen. Code,[1] § 422, count 1), one count of dissuading a potential witness by threat of force or violence from reporting a crime to police (§ 136.1, subd. (c)(1), count 2), and one count of violating a protective order by a credible threat of violence within seven years of a previous violation (§ 273.6, subd. (d), count 3).

The trial court sentenced defendant to a total term of three years: a three year midterm on count 2, which was the principal count; two years on count 1; and two years on count 3, all to run concurrently.

On appeal, defendant argues his sentence on count 3 should be stayed pursuant to section 654. Defendant also argues—and the People agree—that the sentence on count 1 should be stayed pursuant to section 654. We will affirm with modifications.

FACTUAL AND PROCEDURAL BACKGROUND

On June 13, 2014, Jane Doe was walking with her new boyfriend, John Doe, and two of her children. Jane suddenly heard defendant, her former boyfriend, run up and yell at her from behind, "This is how you do me?" Jane Doe had left defendant about two days before, and she thought defendant was angry that she was now out with John Doe. Jane yelled at defendant that she was going to call the police. Defendant responded, "Call them, bitch. If you call them, you all will be dead before they get here." Jane Doe had a valid restraining order against defendant at this time, and defendant admitted that he knew about the order.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

2

DISCUSSION

Defendant argues his sentence on count 3 should be stayed in light of his sentence on count 2. Specifically, defendant contends the course of conduct underlying the two counts was *indivisibly* incident to one objective. We disagree.

i. *Section 654 does not Apply to Count 3*

Under section 654, a defendant may be punished only once for an act or omission that is punishable in different ways by different provisions of law. (*People v. Jones* (2012) 54 Cal.4th 350, 353 (*Jones*).) Where violations of different provisions of law are premised on multiple acts, a course of conduct is implicated, and the intent and objective test governs in determining whether section 654 applies. (*Jones*, at p. 359.) Under that test, if evidence reveals multiple offenses were incident to *one* objective, then the course of conduct is indivisible, and a defendant may be punished for one of the offenses, but not for all of them. (*Neal v. State of California* (1960) 55 Cal.2d 11, 19.) However, if evidence reveals a defendant harbored *independent, separate* objectives in committing the multiple offenses, then the course of conduct is divisible, and the defendant may be punished for all of the offenses committed. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1211-1212.) This is true even where the offenses shared common acts or were parts of an otherwise indivisible course of conduct. (*People v. Harrison* (1989) 48 Cal.3d 321, 335.) A trial court's implied finding that a defendant harbored a separate intent and objective for each offense is a question of fact and will be upheld on appeal if it is supported by substantial evidence. (E.g., *People v. Islas* (2012) 210 Cal.App.4th 116, 129.)

3

Defendant essentially contends an indivisible course of conduct took place with respect to counts 2 and 3 because the violations were "continuous" and thus incident to one objective. Here, concerning counts 2 (dissuading a potential witness by threat of force or violence) and 3 (violating a protective order by credible threat of violence), we apply the intent and objective test. Two separate physical acts were required to sustain the convictions, and each act provides substantial evidence that defendant harbored independent, separate objectives in committing both offenses.[2] First, defendant ran behind Jane Doe and yelled at her as she walked with John Doe, "This is how you do me?" The words used and the circumstances surrounding this first act support the inference that defendant, Jane Doe's former boyfriend, then intended to confront Jane Doe about her new boyfriend, John Doe, with whom she was walking. Second, defendant made a credible threat of violence against Jane Doe when he threatened her with physical harm after she said she would call the police. This second act likewise supports the inference that defendant then intended to forestall or prevent his arrest, because he knew he was violating the protective order Jane Doe had in effect against him. Substantial evidence thus supports the trial court's implied finding that defendant had two independent, separate objectives across both offenses: (1) he first intended to confront Jane Doe about her new boyfriend; and (2) he then intended to evade arrest following that confrontation. Section 654 does not preclude punishment for both offenses.

---

[2] Because we find *two* separate physical acts across both counts, we disagree with defendant's argument to the extent it is premised on viewing both counts as arising from a *single* act.

In sum, substantial evidence supports the trial court's implied finding that defendant harbored separate, independent objectives across counts 2 and 3, and section 654 did not prevent the trial court from sentencing him on both counts.

*ii.      Section 654 does Apply to Count 1*

Next, defendant and the People agree that count 1 should be stayed pursuant to section 654 in light of the conviction on count 2, because both counts stem from a single threat. We also agree.

Under section 654, where violations of different provisions of law arise out of "a single physical act," section 654 automatically applies. (*Jones*, *supra*, 54 Cal.4th at p. 358; see also *People v. Mendoza* (1997) 59 Cal.App.4th 1333, 1345-1346 [applying section 654 in a factually similar scenario].)

Here, defendant's threat to physically harm Jane Doe if she called the police led both to his sentence on count 2 for dissuading a witness by threat of force or violence and to his sentence on count 1 for making a criminal threat. In this way, both counts arose out of "a single physical act" to which section 654 automatically applies.[3]

In sum, counts 1 and 2 both arose from a single physical act, and section 654 precludes punishment on count 1.

---

[3] Defendant also remarks that the California Supreme Court's recent decision in *People v. Vargas* (2014) 59 Cal.4th 635, which held that a trial court must dismiss one of a defendant's two prior strike convictions based on the same single act, should apply to him if he is sentenced again in a future case. As defendant also notes, that is not currently an issue, and we need not discuss it.

## DISPOSITION

The judgment is modified to stay the term imposed on count 1 for making a criminal threat (§ 422) pursuant to section 654. The superior court clerk is hereby directed to amend the abstract of judgment to reflect this modification, and to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

McKINSTER
J.