Filed 7/18/16  P. v Harding CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KATHLEEN ANN HARDING,<br><br>        Defendant and Appellant. | A146249<br><br>(Contra Costa County<br>Super. Ct. No. 05-140999-4) |

Kathleen Harding was charged with driving while under the influence with injury (Veh. Code, § 23153, subd. (a)) and reckless driving causing great bodily injury (*id.*, §§ 23103, subd. (a), 23105).  She waived jury trial and was convicted of both offenses after submission to the court on documentary evidence and stipulated facts.  She challenges here only the trial court's decision to impose, rather than stay, a concurrent sentence for reckless driving causing great bodily injury.  The People agree.  We do as well, and remand for resentencing.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The facts are not disputed, and we recite them only briefly.  On May 5, 2013, Harding was observed by several individuals driving erratically on Interstate Highway 680.  She was under the influence of multiple prescription medications.  As other cars attempted to avoid Harding's vehicle, another motorist was forced up an embankment and her vehicle overturned.  Harding continued without stopping.  She was later apprehended by police on a freeway off-ramp.  As a result of the accident, the victim suffered a coma with brain injury and permanent paralysis.

1

Harding was charged by information with driving while under the influence with injury (Veh. Code, § 23153, subd. (a); count 1) and with reckless driving causing great bodily injury (§§ 23103, subd. (a), 23105; count 2). As to count 1 it was alleged Harding inflicted great bodily injury resulting in brain injury and paralysis. (Pen. Code § 12022.7, subd. (b).)

Harding waived jury trial and agreed to submit the matter to the court on documentary evidence and stipulated facts. She was found guilty of both charges and the sentencing enhancement was found to be true. At sentencing, the court denied Harding's motions to dismiss or strike the great bodily injury enhancement. The court imposed a 16-month mitigated prison term on count 1, with a consecutive five-year term for the great bodily injury enhancement. The court imposed a concurrent three-year term on count 2. Harding filed a timely notice of appeal.

## II.    DISCUSSION

As noted, Harding challenges only the court's decision to impose a concurrent term for count 2, reckless driving causing great bodily injury. Penal Code section 654 prohibits multiple punishment for a singular course of conduct, even if it violates more than one statute.[1] (*People v. Latimer* (1993) 5 Cal.4th 1203, 1207–1208.) Harding's violation of Vehicle Code sections 23103, subdivision (a), and 23105—reckless driving with injury—was based on the same conduct as her conviction and sentence for driving under the influence and causing great bodily injury. As the trial court observed at the sentencing hearing, the crimes here "are not independent of each other, it's basically the same conduct charged under different statutes." Penal Code section 654 does not permit the imposition of a concurrent sentence: " '[T]he imposition of concurrent sentences is precluded by section 654 [citations] because the defendant is deemed to be subjected to the term of both sentences although they are served simultaneously. [Citation.] Instead,

---

[1] "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. . . ." (Pen. Code, § 654, subd. (a).)

the accepted procedure is to sentence defendant for each count and stay execution of sentence on certain of the convictions to which section 654 is applicable.' " (*People v. Jones* (2012) 54 Cal.4th 350, 353.)  The People appropriately concede that the sentence on count 2 must be stayed, and agree that the matter must be remanded for that purpose.

### III.  DISPOSITION

The matter is remanded for resentencing.  On remand the court shall stay the term imposed on count 2, pursuant to Penal Code section 654, and the clerk of the court shall prepare an amended abstract of judgment.

_____

Bruiniers, J.

We concur:

_____

Jones, P.J.

_____

Needham, J.

3