Filed 2/22/21  P. v. Hice CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C091843 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CR002055) |
| v. | |
| ZACCARI ARTHUR LEE HICE, | |
| Defendant and Appellant. | |

A jury found defendant Zaccari Arthur Lee Hice guilty of driving under the influence of alcohol and driving with a blood-alcohol level of .08 percent or more based on a single act of driving and the trial court sentenced him to the upper-term sentence on both counts, to run concurrently.  Defendant appeals, contending the trial court erred in failing to stay the sentence on one of the convictions under Penal Code[1] section 654.  The

_____

[1]     Undesignated statutory references are to the Penal Code.

1

People properly concede.  We will stay execution of the sentence on count II and otherwise affirm the judgment.

BACKGROUND

Responding to an early morning dispatch, Red Bluff police officers found defendant passed out by the driver's side of a truck.  The truck was still running, with the lights on and the driver's side door open.  Defendant stumbled when he tried to stand, his speech was slurred, he had red, watery eyes, and smelled of alcohol.  He had vomit on his pants.  Defendant admitted he had been drinking earlier.  He was driving and pulled over because he felt sick.  Defendant's blood-alcohol level was later tested at .10 percent.

Defendant was charged with driving under the influence of alcohol (count I) and driving with a blood-alcohol level of .08 percent or more (count II).  As to each count, it was also alleged defendant had a prior conviction for driving with a blood-alcohol level of .08 percent or more.  Defendant admitted the prior conviction.  A jury found defendant guilty of both counts.  The trial court sentenced defendant to the upper term of three years on both counts, to run concurrently.

DISCUSSION

Defendant argues that the sentence on count II should have been stayed pursuant to section 654 because both counts arose from a single act of driving.  The People concede the convictions arose from a single act and one of the convictions should be stayed.

"Section 654 prohibits multiple punishment for a single physical act that violates different provisions of law." (*People v. Jones* (2012) 54 Cal.4th 350, 358.)  Both of defendant's convictions stem from the same physical act of driving.  For a single act of driving, a defendant may be punished only once for driving under the influence (Veh. Code, § 23152, subd. (a)) and driving with a blood-alcohol level of .08 percent or greater (*id.*, subd. (b)).  (*People v. Duarte* (1984) 161 Cal.App.3d 438, 445-447.)  Therefore, defendant's three-year sentence on count II must be stayed.  (§ 654; *Jones*, at p. 358.)

2

## DISPOSITION

The judgment is modified to stay execution of punishment on defendant's three-year sentence on count II. The trial court is directed to prepare an amended abstract of judgment. The trial court is further directed to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.


/s/_____
Robie, Acting P. J.



We concur:



/s/_____
Hoch, J.



/s/_____
Krause, J.

3