Filed 10/10/25 P. v. Taylor CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ERIC TAYLOR,<br><br>        Defendant and Appellant. | A172267<br><br>(San Bernardino County<br>Super. Ct. No. FVI24000854 |

A jury found defendant Eric Taylor guilty of making criminal threats, found true the enhancement allegation that he was armed with a handgun while committing the offense, and separately found him guilty of possession of a firearm by a felon.[1]  Defendant's sole claim on appeal is that the trial court should have stayed, pursuant to Penal Code section 654, the punishment for either the firearm enhancement or the offense of possession of a firearm by a felon.[2]  Finding no error, we affirm.

---

[1] The California Supreme Court transferred this matter from the Court of Appeal for the Fourth Appellate District to the First Appellate District on January 15, 2025.

[2] Defendant, represented by court-appointed appellate counsel, did not file a reply brief.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Christopher Brown is a manager of a 7-Eleven in Victorville. On March 27, 2024, Brown was ringing up a customer when defendant entered the 7-Eleven. Another manager reported to Brown that defendant was not allowed in the store because he had been caught stealing; so Brown told defendant he was not allowed in the store and asked him to leave. Defendant "started to get aggressive" and said he was going to do what he wanted, and he just wanted a beer. Brown told defendant, " 'If you're not going to leave, I'm going to call the cops.' " Defendant started to leave, and then he stopped and said he was Crips, and he would shoot Brown and everyone in the store. Defendant "pointed his hand at [Brown] like a handgun." As defendant left, his "shirt lifted up," and Brown saw "the butt of a gun in his belt line." Defendant exited the store and continued to yell while there were customers outside.

Brown was afraid defendant was going to shoot him. The customer he was ringing up was "freaking out and screaming." Brown called 911. During the 911 call, Brown reported that defendant was "going over to the Chevron now across the street." Brown remained afraid because he did not know if defendant was going to return.

San Bernardino County deputies responded to the Chevron gas station on "a high priority call of a man with a gun" and detained defendant. A firearm with ammunition "chambered in the barrel, ready to shoot" was found in his pants pocket.

Defendant was charged with criminal threats (Pen. Code,[3] § 422, subd. (a); count 1); possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2);

---

[3] Undesignated statutory references are to the Penal Code.

2

unlawful possession of ammunition by a person prohibited from possessing a firearm ( § 30305 subd. (a)(1); count 3); and carrying a loaded firearm in public (§ 25850, subd. (a); count 4). As to count 1, it was alleged that defendant was armed with a firearm in the commission of the offense within the meaning of section 12022, subdivision (a)(1). It was further alleged that defendant suffered a prior serious or violent felony conviction and that various aggravating circumstances were present.

The jury found defendant guilty of all four counts and found true the firearm allegation as to count 1. In a bench trial, the trial court found defendant suffered a prior strike conviction and found true six aggravating circumstance allegations.

At sentencing, the trial court imposed six years for count 1 (the upper term of three years, doubled), one year for the accompanying firearm enhancement, and a consecutive one year, four months (one-third the middle term of two years, doubled) for count 2, for a total sentence of eight years, four months. Terms of one year, four months (one-third the middle term, doubled) for counts 3 and 4 were imposed and stayed under section 654.

## DISCUSSION

Section 654, subdivision (a), provides in relevant part, "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision."

"[T]he purpose of section 654 'is to insure that a defendant's punishment will be commensurate with his culpability.' " (*People v. Latimer* (1993) 5 Cal.4th 1203, 1211.) The California Supreme Court has observed that crimes are not generally " 'the result of a single physical act. "Section 654 has been applied not only where there was but one 'act' in the ordinary

3

sense . . . but also where a course of conduct violated more than one statute.' "' (*Id.* at p. 1208.) The question " '[w]hether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' " (*Ibid.*, italics omitted.)

"Whether section 654 applies in a given case is a question of fact for the trial court" (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143), and we review for substantial evidence a trial court's implied determination that two offenses are separate (and therefore may be punished separately) for purposes of section 654. (*People v. Brents* (2012) 53 Cal.4th 599, 618.)

Defendant contends the trial court was required, under section 654, to stay the punishment for either count 2 (felon in possession of a firearm) or the firearm enhancement associated with count 1 (criminal threats) because the substantive offense of count 2 and the enhancement for count 1 were based on the same act. For his position, defendant relies on *People v. Buchanan* (2016) 248 Cal.App.4th 603 (*Buchanan*), which in turn, relied on *People v. Jones* (2012) 54 Cal.4th 350 (*Jones*).

In *Jones*, a defendant was convicted of three felony offenses based on his possession of a loaded revolver: (1) possession of a firearm by a felon, (2) carrying a readily accessible concealed and unregistered firearm, and (3) carrying an unregistered loaded firearm in public. (54 Cal.4th at p. 352.) Our high court concluded the case "involve[d] a single act or omission that can be punished but once" under section 654. (*Id.* at p. 360.)

In *Buchanan*, defendant Buchanan was convicted of two counts of drug possession for sale with a firearm enhancement and one count of possession

4

of a firearm by a felon based on evidence that methamphetamine, heroin, and a firearm were discovered in Buchanan's vehicle following a traffic stop. (248 Cal.App.4th at pp. 606, 608.) The Court of Appeal concluded section 654 and *Jones* "preclude[d] separate sentences for being a felon in possession of a firearm and for the firearm enhancements attached to [the] narcotics offenses—all of which were based on defendant's possession of a single firearm on a single occasion." (*Id.* at p. 607.) The court reasoned, "The criminal act for which defendant was convicted and the aspect of the enhancements attached to his sentence were identical, and therefore section 654 applies." (*Id.* at p. 617.)

However, in other cases involving a defendant convicted of felon-in-possession and a separate offense with a firearm enhancement, courts have reached different results depending on the facts of the case. In *People v. Jones*, *supra*, 103 Cal.App.4th 1139, the court surveyed the case law and distilled the principles that "multiple punishment is improper where the evidence 'demonstrates at most that fortuitous circumstances put the firearm in the defendant's hand only at the instant of committing another offense,' " but that "section 654 is inapplicable when the evidence shows that the defendant arrived at the scene of his or her primary crime already in possession of the firearm." (*Id.* at pp. 1144, 1145.)

In *People v. Ratcliff* (1990) 223 Cal.App.3d 1401 (*Ratcliff*), for example, defendant Ratcliff was convicted of two counts of robbery with enhancements for use of a firearm and one count of being a felon in possession of a handgun, and the trial court imposed punishment for both a firearm enhancement related to one of the robbery counts and the felon-in-possession offense. (*Id.* at pp. 1404, 1407.) Ratcliff argued the term for the felon-in-possession offense had to be stayed under section 654 because the offense and the

5

enhancement "were part of a continuous transaction," but the Court of Appeal disagreed. (*Id*. at pp. 1407–1408.)

The *Ratcliff* court recognized, "[I]f the evidence demonstrates at most that fortuitous circumstances put the firearm in the defendant's hand only at the instant of committing another offense, section 654 will bar a separate punishment for the possession of the weapon by an ex-felon." (*Id*. at p. 1412.) But in Ratcliff's case, "the evidence showed that defendant [Ratcliff] used a handgun to perpetrate two robberies separated in time by about an hour-and-a-half. He still had the gun in his possession when he was arrested half-an-hour later. . . . [Ratcliff] already had the handgun in his possession when he arrived at the scene of the first robbery. A justifiable inference from this evidence is that defendant's possession of the weapon was not merely simultaneous with the robberies, but continued before, during and after those crimes. Section 654 therefore does not prohibit separate punishments." (*Id*. at p. 1413.) The court further reasoned that the commission of the crime of being a felon in possession of a firearm was "complete once the intent to possess is perfected by possession," and "[w]hat the ex-felon does with the weapon later is another separate and distinct transaction undertaken with an additional intent which necessarily is something more than the mere intent to possess the proscribed weapon." (*Id*. at p. 1414.) Thus, the court concluded Ratcliff's intent to possess the weapon did not include his subsequent, separate intent to commit the robberies. (*Ibid*.)

We find defendant's case is more like *Ratcliff* than *Buchanan*. Defendant was arrested with a firearm in his possession at a Chevron gas station. It is reasonable to infer defendant possessed the firearm before he entered the 7-Eleven and committed the crime of making criminal threats and defendant's possession of the firearm continued after he committed that

6

crime. Defendant's possession of a firearm as a felon was "not merely simultaneous with" the criminal threats, and his "intent to possess the weapon did not import or include the intent to commit" the separate crime of making criminal threats. (*Ratcliff, supra,* 223 Cal.App.3d at pp. 1413, 1414.)

Accordingly, under the rationale of *Ratcliff* and *People v. Jones,* section 654 did not preclude the trial court from imposing punishment for both the firearm enhancement associated with count 1 (criminal threats) and the offense of being a felon in possession of a firearm.

## DISPOSITION

The judgment is affirmed.

_____
Miller, J.

WE CONCUR:

_____
Richman, Acting P. J.

_____
Desautels, J.

A172267, *People v. Taylor*

7