[No. E002460. Fourth Dist., Div. Two. Aug. 14, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND ANTHONY BUTLER, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Part II is not published; it does not meet the standards for publication contained in rule 976(b), California Rules of Court.

**COUNSEL**

Roger Agajanian, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and M. Howard Wayne, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**DORR, J.**\*—Raymond Anthony Butler (defendant) was convicted by jury of driving under the influence of alcohol or a drug and causing bodily injury and death to another (Veh. Code, § 23153, subd. (a)—count I), driving with a blood alcohol level of 0.10 percent or above and causing bodily

---

\*Assigned by the Chairperson of the Judicial Council.

injury and death to another (Veh. Code, § 23153, subd. (b)—count II), felony hit and run (Veh. Code, § 20001—count III), and vehicular manslaughter (Pen. Code, § 192, subd. (c)(3)—count IV). In addition, a prior prison term was admitted (Pen. Code § 667.5, subd. (b)).

Defendant was sentenced to the aggravated term of eight years on count IV. On count III he was sentenced consecutively to eight months (one-third the midterm). The one-year enhancement was also ordered to be served consecutively, for a total prison term of nine years, eight months.

The sentences on counts I and II were stayed pending expiration of the service of the sentences on counts III and IV, at which time the stay was ordered to become permanent.

On appeal, defendant contends: (1) the imposition of consecutive sentences for vehicular manslaughter and felony hit and run violated Penal Code section 654 which prohibits multiple punishment for one indivisible act, and (2) the trial court used the same criteria in sentencing defendant to the aggravated term as were used in imposing the consecutive one-year enhancement for his prior conviction.

Neither of the contentions has merit; we shall affirm.

FACTS

On February 20, 1985, defendant drove his car through the intersection of Rubidoux Boulevard and 24th Street in Riverside County. He was exceeding the speed limit substantially, and failed to stop at the stop sign, thereby colliding with the victim's pickup truck. As a result of the collision the victim died.

Moments later defendant was seen, by an acquaintance, stumbling down the road about 100 feet from defendant's car. Defendant asked to be, and was, taken home, but not before he returned to his vehicle and retrieved his car keys.

Defendant was later taken to a hospital by a family member. Three and one-half hours after the accident a blood test was performed and defendant's blood alcohol level registered 0.13 percent.

DISCUSSION

I

MULTIPLE PUNISHMENT

The primary thrust of defendant's argument is that a person who, while driving under the influence of alcohol, causes a fatal accident and

then flees the scene has engaged in only one indivisible course of conduct and can therefore be punished only once, despite the fact that two separate criminal violations have been committed. Neither counsel has cited any case which directly disposes of this issue.

Penal Code section 654 provides, in part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; . . ."

■■■ The primary purpose of this legislative prohibition "against punishment for more than one violation arising out of an 'act or omission' is to insure that a defendant's punishment will be commensurate with his culpability." (*People* v. *Perez* (1979) 23 Cal.3d 545, 550-551 [153 Cal.Rptr. 40, 591 P.2d 63], citing *Neal* v. *State of California* (1960) 55 Cal.2d 11, 20 [9 Cal.Rptr. 607, 357 P.2d 839].)

The number of different circumstances wherein criminal conduct involving multiple violations may be deemed to arise out of an "act" or "omission" is endless. Therefore, it is impossible to adopt a "universal construction which directs the proper application of section 654 in every instance." (*People* v. *Beamon* (1973) 8 Cal.3d 625, 636 [105 Cal.Rptr. 681, 504 P.2d 905].) This is so because the extent of section 654 is not confined to its literal language, i.e., "where multiple convictions are based on what is truly a single act or omission. . . . [¶] The 'singleness of the act' . . . is no longer the sole test of the applicability of section 654." (*Id.*, at p. 637.) The case law has evolved past the most obvious applications of the section, such as where there has been a conviction of both a charged crime and a lesser included offense. Section 654 applies as well where there is a course of conduct which violates more than one statute but nevertheless constitutes an indivisible transaction. (*Ibid.*)

Whether or not "a course of conduct is indivisible depends upon the intent and objective of the actor." (*People* v. *Perez, supra,* 23 Cal.3d at p. 551.) If all the offenses are incident to one objective, "the defendant may be punished for any one of such offenses but not for more than one." (*Ibid.*) For example, a person who tries to murder another by throwing gasoline into his or her bedroom and igniting it cannot be punished for both attempted murder and arson. In that case, the primary objective is to kill and the arson is simply an incidental method of accomplishing that objective. (*Ibid.*, explaining *Neal* v. *State of California, supra,* 55 Cal.2d at p. 11.)

If, however, the defendant "entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may

be punished for the independent violations committed in pursuit of each objective even though the violations were parts of an otherwise indivisible course of conduct." (*People* v. *Perez, supra,* 23 Cal.3d at p. 551, fn. omitted.) *In re Hayes* (1969) 70 Cal.2d 604, 605 [75 Cal.Rptr. 790, 451 P.2d 430], involved a situation wherein the defendant simultaneously drove while intoxicated (Veh. Code, § 23102) and with knowledge that his license was suspended (Veh. Code § 14601). In finding that section 654 was inapplicable, the court subsequently explained in *Beamon,* "neither of the *Hayes* violations, although simultaneously committed, was a means toward the objective of the commission of the other. The objectives, insofar as the criminal conduct was concerned, were deemed by the [Hayes] majority to be to drive while intoxicated and to drive with a suspended license." (*People* v. *Beamon, supra,* 8 Cal.3d at p. 639.) "[T]he question of whether the acts of which a defendant has been convicted constituted an indivisible course of conduct is primarily a factual determination, made by the trial court, on the basis of its findings concerning the defendant's intent and objective in committing the acts. [Citations.] This determination will not be reversed on appeal unless unsupported by the evidence presented at trial." (*People* v. *Ferguson* (1969) 1 Cal.App.3d 68, 74-75 [81 Cal.Rptr. 418], citing *In re Ward* (1966) 64 Cal.2d 672, 676 [51 Cal.Rptr. 272, 414 P.2d 400].)

In his brief defendant contends that Penal Code section 654 should be applied to bar multiple punishment because "[t]he post homicidal act of flight is inextricably bound into the indivisible act of appellant's operation of that motor vehicle." He points out that the vehicular manslaughter and hit and run occurred within a time span of less than three minutes. Defendant relies on *People* v. *Bauer* (1969) 1 Cal.3d 368 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398] to support his contention. Such reliance on *Bauer* is misplaced.

In *Bauer* three elderly women were robbed in their residence by two gunmen who ransacked the house, carried their loot to the garage, loaded it into one woman's car and drove away. (*Id.,* at p. 372.) Defendant was sentenced separately for robbery and car theft. The People argued the car theft sentence should be upheld because the robbery was complete before the theft began. (*Id.,* at p. 377.) The appellate court, relying on evidence that the robbers formulated the intent to take the car before or during the ransacking of the house, concluded that the taking of the car was an indivisible part of the act of robbery. (*Ibid.*) It stated that the taking of several items during the course of a robbery could not be used to furnish the basis for separate sentences. (*Id.,* at pp. 376-377.)

In the instant case, two separate states of mind are evident. There was, in fact, a divisible course of conduct based upon the intent and objective

of defendant and the trial court so found. In the act of vehicular manslaughter defendant was acting with general intent; he negligently drove a motor vehicle while under the influence of alcohol and caused a fatal accident. Defendant then violated Vehicle Code section 20001 by intentionally leaving the scene of the accident instead of remaining and rendering aid as required by law. This was an independent and separate criminal act. Defendant's intent and objective, when he left the car initially, returned to get his keys, and again left the scene, was to flee in an attempt to conceal his identity and his state of inebriation.

The argument that defendant had only one "intent and objective"—driving—is without merit. In *In re Hayes, supra,* 70 Cal.2d 604, 609-610, the court rejected this argument when it was applied to convictions for driving under the influence of alcohol and driving on a suspended license. In neither the *Hayes* case nor the instant case can either of the two violations be realistically viewed as a "means" toward the other. (*Id.,* at p. 609.) Proximity in time likewise does not preclude multiple punishment. (*Ibid.*)

Finally, to reiterate, the purpose of Penal Code section 654, as stated in *Neal* v. *State of California, supra,* 55 Cal.2d 11, 20, is to insure that a defendant's punishment will be commensurate with his culpability. If multiple punishment is prohibited in this case, as a matter of law, there would be no incentive for a person who causes an accident to stop and render aid as required by Vehicle Code section 20001. In fact, noncompliance would be rewarded. A defendant would suffer no greater criminal liability if he took his chances on escaping than if he stopped and rendered aid. Our Legislature could not and did not intend such an absurd result.

For all these reasons, defendant's argument that Penal Code section 654 bars multiple punishment in this case is without merit.

II*

CONSECUTIVE SENTENCES

. . . . . . . . . . . . . . . . . . . . . .

*See footnote 1, *ante,* page 469.

## Disposition

For the reasons stated, the judgment and sentence are affirmed.

Rickles, Acting P. J., and McDaniel, J., concurred.