Filed 4/29/14  P. v. Nolen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C073379 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR84039) |
| v. | |
| RICKY GENE NOLEN, JR., | |
| Defendant and Appellant. | |

A jury found defendant Ricky Nolen, Jr., guilty of kidnapping, assault with a deadly weapon, attempted robbery, and carjacking based on his armed and forcible removal of William Quinn Adamson from Adamson's mobile home and into Adamson's van.  In the van, defendant unsuccessfully demanded Adamson's money and forced him to drive out of town.  Defendant repeatedly stabbed Adamson while he attempted to escape, and after he did escape, defendant took the van.  Defendant now appeals, contending the trial court erred:  (1) in failing to stay or to impose concurrent sentencing

1

on his convictions for kidnapping and assault with a deadly weapon; and (2) in failing to exercise its discretion to dismiss defendant's prior conviction. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

At approximately 3:30 a.m. on May 4, 2012, defendant and Becky Bochantin, high on methamphetamine, entered Adamson's unlocked mobile home where he was asleep and defendant asked that Adamson take them for a ride. When Adamson refused because of his night blindness, defendant, who was armed with a knife, demanded that they go. Feeling cornered and threatened, Adamson complied. Adamson, defendant, and Bochantin got into Adamson's van with Adamson driving. When Adamson asked where they wanted to go, defendant responded: "Just drive."

While Adamson was driving, defendant asked for his wallet. When Adamson responded that he had just a "couple dollars," defendant told him to drive to Adamson's bank. When Adamson revealed that he had almost no money in the bank, defendant directed him onto the freeway. On the freeway, Adamson attempted to speed past a semi-truck, and defendant threatened to cut Adamson's throat. Then defendant directed Adamson to drive into a rest area outside of Corning. Adamson attempted to hit the tail end of a semi-truck in the rest area in an effort "to try to stop this whole problem." Bochantin grabbed Adamson from behind, and defendant grabbed the steering wheel and turned the van to the left, avoiding the semi-truck. Fearing for his life, Adamson put the van into park and opened the door to escape.

Defendant stabbed Adamson in the right hand, the shoulder, and in the back of his right shoulder blade as Adamson tried to get out of the van. Adamson escaped and defendant pursued him until Bochantin yelled at defendant to "get back in the van." Defendant drove away in the van, which he eventually abandoned in Chico. Adamson was able to find a truck driver who called the police, and emergency responders took him to the hospital, where he was treated and released.

2

Defendant was charged with attempted murder (Pen. Code, §§ 187, subd. (a), 664[1]--count I), first degree burglary (§ 459--count II); kidnapping (§ 207, subd. (a)--count III); assault with a deadly weapon (§ 245, subd. (a)(1)--count IV); kidnapping to commit another crime (§ 209, subd. (b)(1)--count V); and carjacking (§ 215, subd. (a)--count VI). As to all but count II, defendant was also charged with special allegations for great bodily injury (§ 12022.7, subd.(a)). As to all counts, defendant was charged with use of a deadly weapon (§ 12022, subd. (b)(1)), a prior strike (§ 1170.12, subds. (a)-(d)), a prior felony (§ 667.5, subd. (b)) and a prior serious felony (§ 667, subd. (a)(1)).

Defendant and Bochantin were tried together.[2] The jury found defendant guilty of kidnapping, assault with a deadly weapon, attempted robbery (§§ 211, 664--as a lesser included offense of kidnapping to commit robbery), and carjacking. The jury found true for each of the counts of conviction that defendant personally used a deadly and dangerous weapon. The jury found the defendant not guilty of attempted murder and first degree burglary and reached no decision on the special allegation that defendant personally inflicted great bodily injury on Adamson.

During trial, outside the presence of the jury, defendant admitted to a prior conviction on August 5, 1998, for first degree residential burglary (§ 459), and that the conviction constituted a strike and a prior serious or violent felony conviction pursuant to section 1170.12, subdivisions (a) through (d) and section 667, subdivisions (b) through (i). Defendant further admitted the special prior prison commitment enhancement under section 667.5, subdivision (b) for the same prior conviction.

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Bochantin's case is not before us on appeal.

The trial court sentenced defendant to a total of 23 years eight months in prison. On the carjacking charge, the court sentenced defendant to 10 years (midterm of five years, doubled), plus an additional three years for the personal use of a deadly and dangerous weapon, an additional five years for a prior serious felony conviction, and imposed but stayed an additional one year for a prior felony conviction. On the assault charge, the court sentenced defendant to two years (one-third the midterm, doubled), to be served consecutively, and struck the use enhancement for that charge. On the kidnapping charge, the court sentenced defendant to 40 months (one-third the midterm, doubled), plus four months (one-third of the use enhancement). On the attempted robbery charge, the court imposed and stayed a two-year sentence and a one-year use enhancement, pursuant to section 654. The court also ordered various fines and fees and awarded defendant 350 days of credit.

## DISCUSSION

### I

*Penal Code Section 654*

Defendant first contends the trial court erred in failing to apply section 654 to stay his sentences for kidnapping and assault. He argues that he "harbored but one objective" in committing the carjacking, kidnapping, and robbery--"to obtain money and a ride out of Corning from Adamson." We disagree with his analysis.

A. *The Law*

Section 654 provides in pertinent part: "(a) An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Section 654 is intended "to insure that a defendant's punishment will be commensurate with his culpability." (*People v. Perez* (1979) 23 Cal.3d 545, 552.) The statute bars multiple punishments for both a single act that violates more than one criminal statute and for multiple acts, where those

4

acts comprise an indivisible course of conduct incidental to a single criminal objective and intent. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208; *Neal v. State of California* (1960) 55 Cal.2d 11, 19.) Conversely, where a defendant commits multiple criminal offenses during a single course of conduct, he or she may be separately punished for each offense that he or she committed pursuant to a separate intent and objective. (*People v. Beamon* (1973) 8 Cal.3d 625, 637-639.)

Multiple criminal objectives may "be a predicate for multiple punishment only in circumstances that involve, or arguably involve, multiple acts. The rule does not apply where . . . the multiple convictions at issue were indisputably based upon a single act." (*People v. Mesa* (2012) 54 Cal.4th 191, 199.) The trial court may find separate objectives "when the objectives were either (1) consecutive even if similar or (2) different even if simultaneous." (*People v. Britt* (2004) 32 Cal.4th 944, 952.) A trial court's finding that "a defendant harbored a separate intent and objective for each offense will be upheld on appeal if it is supported by substantial evidence. [Citation.]" (*People v. Blake* (1998) 68 Cal.App.4th 509, 512.)

Whether the acts constituted an indivisible course of conduct incident to a single objective, or multiple criminal objectives is primarily a factual determination made by the trial court. (*People v. Butler* (1986) 184 Cal.App.3d 469, 473.) " 'This determination will not be reversed on appeal unless unsupported by the evidence presented at trial.' [Citations.]" (*Id.* at p. 473.)

B. *Analysis*

In deciding whether section 654 applied to defendant's sentence, the trial court was required to determine whether the carjacking, kidnapping, and assault were part of an indivisible course of conduct and, in making that determination, decide whether the three different crimes were each committed pursuant to a separate intent and objective. The evidence presented at trial shows the defendant: (1) entered Adamson's trailer already wielding a knife; (2) forced him to leave his trailer and drive defendant and Bochantin in

5

his van in no particular direction; (3) demanded Adamson's money; (4) assaulted Adamson when he attempted to escape; and (5) chased him after he fled from the van, and then fled the scene in his van, abandoning it in Chico.

At sentencing, the trial court found that defendant "entertained several criminal objectives." The court found the objective of the kidnap was not to assault Adamson, but to move and rob him. Noting that "[t]he assault occurred after the victim tried to get away," the court found that the objective for the assault was to stop Adamson--from escaping, reporting the crimes, and aiding the police. The objective for the carjacking was "to simply get away from the scene after the victim ran away." The court added that: "the objective for the carjack was to take the vehicle as a getaway vehicle, and the objective for the kidnap was to move or detain the victim from some other purpose . . . ."

We see no reason to disagree with the trial court's findings as outlined above. Substantial evidence supports the trial court's finding that the carjacking, kidnapping, and assault offenses were each committed pursuant to separate criminal objectives. Accordingly, section 654 did not bar separate punishment for each offense.

II

*Consecutive Sentencing*

Defendant next contends that the trial court abused its discretion in imposing consecutive terms, and should have "at most" imposed concurrent sentences. Relying on the same arguments made in his section 654 claim, defendant argues the crimes constituted "a single period of aberrant behavior" and were "part of the overall plan – obtaining a ride – and did not encompass some separate, unrelated, objective," but were "a single course of conduct with a single objective – getting out of Corning."

The People respond that the trial court was *required* to impose consecutive sentences under section 1170.12, subdivision (a)(7), as amended in November 2012 (after the crime was committed but prior to sentencing). The statute in effect at the time of the crime's commission, applied by the trial court, afforded it discretion in imposing

6

concurrent or consecutive sentences. We disagree with the People's argument that application of the amended statute to defendant would not violate the constitutional proscription of ex post facto laws. (See *People v. Delgado* (2006) 140 Cal.App.4th 1157, 1167 ["[T]he removal of a sentencing court's discretion can, indeed, implicate the ex post facto clause."]; accord *Williams v. Roe* (2005) 421 F.3d 883, 887 [where amended statute removed sentencing court's discretion to impose a lighter sentence, its application to a defendant who committed the charged crime prior to the amendment was a violation of the ex post facto clause].) Accordingly, we will apply the scheme in effect at the time of the crimes' commission.

Under that scheme, a trial court had discretion to determine whether several sentences are to run concurrently or consecutively. (§§ 667, subd. (c)(6), 1170.12, subd. (a)(7); *People v. Deloza* (1998) 18 Cal.4th 585, 590-591.) We will not disturb that determination absent a clear showing of abuse. (*People v. Bradford* (1976) 17 Cal.3d 8, 20.)

The criteria applicable to the trial court's discretion are set forth in California Rules of Court, rule 4.425,[3] which states that in imposing consecutive sentences a trial court may consider: (1) whether the "crimes and their objectives were predominantly independent of each other"; (2) whether the "crimes involved separate acts of violence or threats of violence"; and (3) whether the "crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior." (Rule 4.425(a)(1)-(3).) However, these criteria are not exclusive. Rule 4.408(a) states: "[T]he enumeration in these rules of some criteria for the making of discretionary sentencing decisions does not prohibit the application of

---

[3] Further rule references are to the California Rules of Court.

additional criteria reasonably related to the decision being made.  Any such additional criteria must be stated on the record by the sentencing judge."

As we have explained *ante*, in considering the application of section 654, the trial court made a series of detailed factual findings that are supported by substantial evidence. Further, the court considered the arguments of counsel, defendant's probation report, and the evidence presented at trial in coming to its decision to impose consecutive sentences "because of the separate objectives . . . , the excessive violence, the multiple acts of violence throughout the incident."  The court specifically stated that it considered aggravating factors under rule 4.425 in deciding whether the sentences should be imposed consecutively.  We see no cause to disturb the trial court's findings and its subsequent exercise of discretion.

## III

### *Romero Motion*

Defendant contends on appeal the trial court abused its discretion in denying his *Romero*[4] motion to strike his sentencing enhancement for a prior conviction based on his claim that his criminal actions were the result of his long-time substance abuse issues.

A trial court may strike a felony conviction for purposes of sentencing only when the defendant falls outside the spirit of the three strikes law.  (*People v. Williams* (1998) 17 Cal.4th 148, 161.)  The trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies."  (*Id.* at p. 161.)  Reversal is justified if the trial court did not know of its

---

[4]  *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

8

discretion or applied improper factors. (*People v. Carmony* (2004) 33 Cal.4th 367, 378.) But where the trial court knew of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling.' " (*Id.* at p. 378.)

After the jury entered its verdict, the defendant asked the trial court to strike defendant's prior first degree burglary conviction. The People opposed the *Romero* motion based on the facts of defendant's repeated criminal violations, certain aggravating factors present in the commission of the instant crimes, and the absence of mitigating factors. In addition to his current convictions and 1998 strike, defendant had suffered a 1997 felony conviction for second degree burglary, a 2006 misdemeanor conviction for domestic battery and cruelty to a child, a 2009 felony petty theft conviction, and numerous intervening parole violations. The trial court considered this history and that defendant's present felonies were serious offenses, and found that he fell within the spirit of the three strikes law. Therefore, the court denied defendant's *Romero* motion, declining to strike defendant's prior strike for sentencing purposes.

The record fully supports the trial court's conclusion, and defendant's substance abuse alone does not compel a different result. (See *People v. Philpot* (2004) 122 Cal.App.4th 893, 906-907 [general nonviolence and drug addiction do not compel granting *Romero* motion].) Therefore, the trial court did not abuse its discretion in denying defendant's *Romero* motion.

IV

*Additional Issues*

Defendant also contends, though perfunctorily, that the trial court's denial of his *Romero* motion violated his constitutional right to due process and resulted in a grossly disproportionate sentence in violation of his constitutional rights. These arguments were not raised in the trial court, and have been forfeited. (*People v. Norman* (2003) 109 Cal.App.4th 221, 229; *People v. DeJesus* (1995) 38 Cal.App.4th 1, 27.) The claim

9

has also been forfeited by defendant's failure to support it with reasoned analysis or citation to legal authority in his briefing on appeal. (Rule 8.204 (a)(1)(B); *People v. Windham* (2006) 145 Cal.App.4th 881, 892, fn. 8.)

In any event, the claim is meritless. Defendant's sentence of 23 years eight months is not grossly disproportionate considering his extensive criminal history and his use of a deadly weapon, resulting in considerable injury to his victim, to commit the current crimes. (See *Ewing v. California* (2003) 538 U.S. 11 [defendant's sentence of 25 years to life for theft of three golf clubs did not violate constitutional norms given his long criminal history].)

Finally, in our review of the record, we note that the abstract of judgment contains clerical errors; therefore, we will order the abstract corrected. (*People v. Mesa* (1975) 14 Cal.3d 466, 471 [pronouncement of judgment is a judicial function, while entry into the minutes and abstract of judgment is a clerical function; thus, any inconsistency is presumed to be clerical error]; *People v. Rowland* (1988) 206 Cal.App.3d 119, 123 [appellate court has authority to correct such clerical errors].) In paragraph two of the abstract, as to count VI, the statutory basis for the enhancement is section 12022, subdivision (b)(2), rather than subdivision (b)(1), as indicated. Further, paragraph two omits a stayed enhancement of one year pursuant to section 12022, subdivision (b)(1) as to count V; the enhancement should be added.

## DISPOSITION

The judgment is affirmed.  We direct the trial court to correct the abstract of judgment as to counts V and VI as set forth in this opinion and send a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.


                                               DUARTE          , J.



We concur:



       NICHOLSON, Acting P. J.



       ROBIE      , J.

11