Filed 5/15/24  P. v. Eaves CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ALLEN EAVES,<br><br>    Defendant and Appellant. | 2d Crim. No. B328323<br>(Super. Ct. No.  2022022285)<br>(Ventura County) |

Michael Allen Eaves appeals from the judgment after a jury convicted him of one count of displaying a deadly weapon to avoid arrest (Pen. Code,[1] § 417.8; count 1) and three counts of resisting arrest (§ 148, subd. (a)(1); counts 2-4).  The trial court sentenced him to three years in state prison on count 1 and concurrent one-year terms on counts 2 through 4.  Eaves contends: (1) the sentences on counts 2 through 4 should have been stayed pursuant to section 654, (2) the matter should be remanded for resentencing pursuant to Assembly Bill No. 518

---

[1] Statutory references are to the Penal Code.

(2021-2022 Reg. Sess.), and (3) the judgment should be reversed because the prosecutor committed misconduct. We agree with Eaves's first contention, but reject his others. The judgment is modified to stay the execution of the sentences imposed on counts 2 through 4, but is otherwise affirmed.

FACTUAL AND PROCEDURAL HISTORY

In May 2022, several sheriff's deputies and police officers attempted to serve Eaves with an eviction notice. Eaves said that he was armed with a knife and would not come out of his house. He barricaded the front door, and the deputies and officers were unable to enter.

Eight days later, police officers attempted to execute an arrest warrant on Eaves. Eaves again refused to leave his house. He threatened to shoot the officers if they did not leave his property, and called 911 to report intruders in his backyard.

Six officers entered Eaves's house and told him he was under arrest. Eaves retreated to a bedroom and lay down on a bed while holding a knife. The officers followed. When Eaves refused to drop the knife, one of the officers fired two rubber bullets and knocked it from his hand.

Several of the officers involved in Eaves's arrest testified at trial. Video footage from their body cameras was played for the jury.

The trial court instructed jurors that they must follow the law and defer to the court's instructions should there be a conflict with any of the attorneys' comments. (See CALCRIM No. 200.) The court also defined reasonable doubt for the jurors. (See CALCRIM No. 220.)

During her closing argument, the prosecutor countered Eaves's assertion that he did not know that the people who

entered his house were police officers.  Referring to CALCRIM No. 226, she said:

> "[I]f there are two reasonable interpretations, [and] one goes towards guilt and one goes towards innocen[ce], you must adopt the one towards innocence.  They are equal.  The benefit of the doubt goes to the defendant.  But the second portion of that is, [i]f one interpretation is reasonable and the other interpretation is unreasonable, the instruction says you must accept the reasonable interpretation and you must reject the unreasonable interpretation.  So you can look at the interpretation of the evidence that shows that the defendant actually knew that they were police officers and why they were there."

The prosecutor went on to say that jurors "must consider all of the evidence" and must "accept reasonable interpretations of the evidence" and "reject all unreasonable interpretations."

The prosecutor continued: "[T]he [c]ourt ha[s] told you that *reasonable doubt simply means that the prosecution interpretation is reasonable and the defense interpretation is unreasonable.* [¶] So the reasonable doubt is defined in the instruction by the judge, and it is the [prosecution's] burden in this case to prove all of these charges beyond a reasonable doubt."  (Italics added.)  She also said that "there is no reason based on all of the evidence for you to acquit the defendant in this case."  Eaves did not object to the prosecutor's argument.

## DISCUSSION

### *The sentences on the resisting convictions*

Eaves first contends the trial court should have stayed the sentences on counts 2 through 4 instead of running them concurrently with his sentence on count 1.  We agree.

3

"An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) Section 654 applies where a defendant's criminal conduct consists of a single act or omission, and in instances where a defendant's course of conduct violates more than one statute but nevertheless constitutes an indivisible transaction. (*People v. Butler* (1986) 184 Cal.App.3d 469, 472.) It does not apply if the defendant commits a crime of violence against multiple victims. (*People v. Oates* (2004) 32 Cal.4th 1048, 1063.)

Here, Eaves was convicted of displaying a deadly weapon to avoid arrest and three counts of resisting arrest based on a single act: lying on his bed while displaying a knife. But resisting arrest is not a crime of violence (*People v. Smith* (2013) 57 Cal.4th 232, 245 [section 148 involves the act of resisting arrest without the use of force or violence]), so section 654's multiple victim exception does not apply. The trial court accordingly erred when it imposed concurrent terms on counts 2 through 4.

*Assembly Bill No. 518*

"Effective January 1, 2022, Assembly Bill [No.] 518 amended section 654, subdivision (a) to permit an act or omission punishable under two or more provisions of law to 'be punished under either of such provisions.' [Citations.] Thus, under newly amended section 654, a trial court is no longer required to punish under the longest possible term of imprisonment when multiple offenses are based on the same act or omission. [Citation.]" (*People v. White* (2022) 86 Cal.App.5th 1229, 1236.) Instead, the court now has the " 'discretion to impose and execute the sentence of either term, which could result in the trial court

4

imposing and executing the shorter sentence rather than the longer sentence.' [Citation.]" (*Ibid.*)

Eaves contends we should remand the matter for the trial court to exercise its discretion under Assembly Bill No. 518. We decline to do so. " 'The duty of this court . . . is to decide actual controversies by a judgment [that] can be carried into effect, and not to give opinions [on] moot questions or abstract propositions, or to declare principles or rules of law [that] cannot affect the matter in issue in the case before it.' [Citation.]" (*In re Miranda* (2011) 191 Cal.App.4th 757, 762.) Here, the remedy we can provide (remanding for a resentencing hearing) cannot provide the remedy Eaves seeks (the possibility of a shorter sentence) because he has already served the sentence imposed in this case. His contention is moot.

*Ineffective assistance of counsel*

Finally, Eaves contends the prosecutor committed misconduct by misstating the burden of proof during closing argument when she told jurors that "reasonable doubt simply means that the prosecution interpretation is reasonable and the defense interpretation is unreasonable." (Cf. *People v. Cowan* (2017) 8 Cal.App.5th 1152, 1159 [prosecutor commits misconduct by attempting to reduce their burden of proof].) But Eaves did not object during this portion of the prosecutor's argument. His contention is forfeited. (*People v. Price* (1991) 1 Cal.4th 324, 447.)

Alternatively, Eaves contends counsel provided ineffective assistance by failing to object to the prosecutor's argument. This contention requires him to show, by a preponderance of the evidence, that counsel performed deficiently and that that deficient performance resulted in prejudice. (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) These showings are "particularly difficult"

5

to make on direct appeal. (*Ibid.*) As to the first, we "defer to counsel's reasonable tactical decisions" and indulge "a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " (*People v. Lucas* (1995) 12 Cal.4th 415, 436-437.) We will not find deficient performance unless no conceivable reason for counsel's actions appears on the record. (*People v. Cunningham* (2001) 25 Cal.4th 926, 1003.) As to the second, Eaves can establish prejudice by showing " 'a probability sufficient to undermine confidence in the outcome.' " (*Ibid.*) He must "prov[e] prejudice as a 'demonstrable reality,' not simply speculation as to the effect of the errors or omissions of counsel." (*People v. Williams* (1988) 44 Cal.3d 883, 937.)

Here, Eaves's ineffective assistance of counsel claim fails because he has not shown prejudice. The trial court instructed the jurors on reasonable doubt. It told them to follow its instructions if any of the attorneys' arguments were in conflict. We presume the jury did so. (*People v. Hinton* (2006) 37 Cal.4th 839, 864.)

Additionally, the evidence against Eaves was overwhelming. Multiple officers testified about his arrest and the knife he was wielding. Videos of the arrest were shown. No witness challenged these accounts. We thus cannot say that, on this record, Eaves has undermined our confidence in the jury's verdicts. (*People v. Amezcua and Flores* (2019) 6 Cal.5th 886, 920 [no prejudice where allegedly improper comments were brief and evidence of guilt was strong].)

## DISPOSITION

The judgment is modified to stay the execution of the sentences imposed on counts 2 through 4. The clerk of the superior court shall prepare an amended abstract of judgment,

and forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


GILBERT, P. J.


YEGAN, J.

David R. Worley, Judge

Superior Court County of Ventura

_____

Peter S. Westacott, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Ana R. Duarte and Kenneth C. Byrne, Deputy Attorneys General, for Plaintiff and Respondent.