Filed 2/29/16  P. v. Coniglio CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br> v.<br><br>TIMOTHY PAUL CONIGLIO,<br><br>   Defendant and Appellant. | C076564<br><br>(Super. Ct. Nos. CM038368, CM038961, CM038962, SCR90900, SCR94340, SCR95939) |

Defendant Timothy Paul Coniglio pleaded guilty to, and was convicted of, multiple counts arising from six cases.  On appeal, he challenges the sentence imposed for two of those cases.

In case No. CM038368, defendant pleaded guilty, after being found with two guns in his truck, to three weapons charges:  possessing an assault weapon (Pen. Code,

§ 30605, subd. (a); count 1);[1] having a concealed firearm in a vehicle (§ 25400, subd. (a)(1); count 2); and carrying a loaded, unregistered firearm (§ 25850, subd. (a); count 3). He was sentenced for each count. Defendant contends that sentence is unauthorized because under section 654, he may be punished only twice — once for each of the two guns found in his truck.

In case No. CM038962, a jury returned a finding of a weapons use enhancement (§ 12022, subd. (b)(2)), and the court, accordingly, imposed a two-year sentence enhancement. Defendant contends that was error because the wrong subdivision was inadvertently presented to the jury: subdivision (b)(2) rather than (b)(1). Under the proper subdivision, he would have received only a one-year enhancement.

The People concede both errors. We agree and modify the judgment by staying count 3 in case No. CM038368 and imposing the intended one-year sentence enhancement under section 12022, subdivision (b)(1) in case No. CM038962.

BACKGROUND

Defendant's appeal arises from six consolidated cases resulting from multiple arrests over a year's time. But we limit our discussion to the facts underlying the two issues before us.

*The Firearm Possession Charges in Case No. CM038368*

Following a traffic stop, defendant admitted to having a loaded nine-millimeter pistol under the front seat center console and a loaded AR-15 assault rifle under the backseat. A search also revealed three plastic bags of ammunition.

Defendant pleaded guilty to three felonies: possession of an assault weapon (§ 30605, subd. (a); count 1); having a concealed firearm in a vehicle (§ 25400, subd. (a)(1); count 2); and carrying a loaded, unregistered firearm (§ 25850, subd. (a); count 3).

---

[1]     All undesignated section references are to the Penal Code.

*The Criminal Threats Charge and Use of a Firearm Enhancement in Case No. CM038962*

Two months after the discovery of the unregistered firearms, defendant went to brunch with his girlfriend and a friend of his girlfriend from out of town. There, defendant drank heavily, consuming possibly several bottles of champagne.

In the late afternoon, after returning to defendant's apartment, the visiting friend heard defendant and his girlfriend in the bedroom arguing and the sound of things being thrown. At one point, the friend entered defendant's room to see defendant wrestling with his girlfriend. Seeing defendant raise his arm to swing at his girlfriend, the visiting friend yelled not to touch her. The defendant responded by pulling out a handgun and pointing it at the visiting friend's head. Defendant said something to the effect of, "I am going to shoot you."

A jury convicted defendant of criminal threats (§ 422, subd. (a); count 2) and exhibiting a firearm (§ 417, subd. (a)(2); count 3). The jury also found that defendant had used a deadly weapon in making the criminal threats (§ 12022, subd. (b)(2); count 2).

DISCUSSION

I

*The Two Firearms May Give Rise to Only Two Possession Terms*

Defendant contends the trial court erred in failing to stay punishment on count 3 in case No. CM038368 pursuant to section 654.[2] He says he may be punished only once for each of the two guns found in his truck. The People concede that error. We agree and direct the trial court to stay punishment for count 3.

---

[2] Section 654, subdivision (a), provides in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. . . ."

3

Though a person may be convicted of more than one crime for the same act, section 654 proscribes multiple punishments for the same act. (§§ 654, 954; *People v. Correa* (2012) 54 Cal.4th 331, 337 (*Correa*).) Generally, the trial court is vested with broad latitude in determining whether section 654 applies, and its findings will not be reversed if substantial evidence supports them. (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

Both defendant and the People rely on *People v. Jones* (2012) 54 Cal.4th 350 (*Jones*) in concluding the two guns may give rise to only two terms. In *Jones*, the defendant was sentenced for three counts arising from carrying a loaded revolver in his car: (1) felon in possession of a firearm; (2) carrying a concealed and unregistered firearm; and (3) carrying an unregistered loaded firearm in public. (*Id*. at p. 352.) On appeal, the California Supreme Court held that possessing a single firearm on a single occasion constitutes a single act. (*Id*. at p. 357.) Under section 654's plain language, the defendant could not be punished more than once for his single act of possession. (*Id.* at p. 360.)

The *Jones* court noted simultaneous possession of different contraband items constitutes separate acts. (*Jones, supra*, 54 Cal.4th at p. 358; see also *Correa, supra*, 54 Cal.4th at p. 334 [upholding seven sentences of felon in possession of a firearm, arising from defendant's possession of seven guns]; *People v. Sanders* (2012) 55 Cal.4th 731, 743 [upholding two separate punishments where the defendant simultaneously possessed two firearms].)

Here, similarly, defendant's possession of the assault rifle and handgun constitutes two separate acts. Indeed, two of the possession charges were directed at individual guns: count 1, possession of an assault rifle, was directed at the assault rifle; and count 2, carrying a concealed firearm in a vehicle, was directed at the handgun. Accordingly, defendant may be punished once for each act of possession — but no more than that.

4

Accordingly, we modify the judgment to stay punishment on count 3 in case No. CM038368, carrying a loaded firearm, not registered (§ 25850, subd. (a)), pursuant to section 654.

## II

### *The Section 12022 Sentence Enhancement was Error*

Defendant also contends he was sentenced erroneously to a two-year section 12022, subdivision (b)(2) enhancement in case No. CM038962. He says the record demonstrates the jury intended to return a finding under a different subsection of section 12022, subdivision (b)(1), which imposes a one-year sentence enhancement. The People concede the error. We agree.

Section 12022, subdivision (b)(2) provides for a sentence enhancement of one, two, or three years where a defendant uses a deadly or dangerous weapon and is convicted of carjacking or attempted carjacking. Subdivision (b)(1), by contrast, provides for a one-year sentence enhancement where a defendant personally uses a deadly or dangerous weapon in the commission of a felony.

Here the record is devoid of carjacking allegations. Rather, the language in the information, the arguments presented at closing, the jury instructions, the jury verdict form, and the court's sentencing all track the language of subdivision (b)(1) — despite repeatedly citing to subdivision (b)(2) rather than (b)(1). The People concede this was error. We are similarly persuaded.

Accordingly, we order the record corrected by striking the erroneous two-year section 12022, subdivision (b)(2) enhancement and imposing the intended one-year sentence enhancement under section 12022, subdivision (b)(1).

## DISPOSITION

The judgment is modified to stay punishment for count 3 in case No. CM038368 (§ 25850, subd. (a)), pursuant to section 654. The judgment is further modified to strike the two-year sentence enhancement under section 12022, subdivision (b)(2), and impose

5

a one-year sentence enhancement under section 12022, subdivision (b)(1) in case No. CM038962.  The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


      NICHOLSON     , J.


We concur:


     RAYE         , P. J.


     MAURO       , J.