Filed 4/15/16  P. v. Watkins CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F070055 |
| Plaintiff and Respondent, | (Super. Ct. No. F13904259) |
| v. | |
| LONNIE GENE WATKINS, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Elaine Forrester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Kevin L. Quade, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Gomes, Acting P.J., Poochigian, J. and Peña, J.

Defendant Lonnie Gene Watkins was convicted by guilty plea of being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1);[1] count1), concealing a firearm on his person in public (§ 25400, subd. (a)(2); count 2), carrying a loaded firearm (§ 25850, subd. (a); count 3), and unlawful possession of ammunition (§ 30305, subd. (a); count 4). He admitted a prior strike conviction allegation (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and three prior prison term allegations (§ 667.5, subd. (b)). The trial court sentenced him to a 32-month term on count 1, and to concurrent 32-month terms on counts 2 through 4. On appeal, defendant contends, and the People concede, that the trial court should have stayed the terms on counts 2 through 4 pursuant to section 654. We agree.

## DISCUSSION

Section 654, subdivision (a) provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." In *People v. Jones* (2012) 54 Cal.4th 350, the California Supreme Court held that multiple convictions based on a single act or omission can be punished only once. (*Id.* at p. 360.) Specifically, the court decided the defendant could be punished only once for his three convictions of possession of a firearm by a felon, carrying a readily accessible concealed and unregistered firearm, and carrying an unregistered loaded firearm in public. (*Id.* at pp. 352, 360.)

Here, officers recognized defendant as he was riding a bicycle on the sidewalk in Fresno. The officers believed defendant had an outstanding warrant. He was nervous and rigid. He acknowledged the hard item in his jacket was a gun. When officers

---

[1] All statutory references are to the Penal Code.

searched him, they found a loaded .44-caliber revolver.[2]  He was convicted of, and punished for, three crimes for that single act of possession.  Imposition of concurrent terms, however, did not satisfy section 654's prohibition of multiple punishment:  "'It has long been established that the imposition of concurrent sentences is precluded by section 654 [citations] because the defendant is deemed to be subjected to the term of [*all*] sentences although they are served simultaneously.'  [Citation.]  Instead, the accepted 'procedure is to sentence defendant for each count and stay execution of sentence on certain of the convictions to which section 654 is applicable.'  [Citations.]  Accordingly, although there appears to be little practical difference between imposing concurrent sentences, as the trial court did, and staying sentence on [three] of the convictions, as defendant urges, the law is settled that the sentences must be stayed to the extent that section 654 prohibits multiple punishment." (*People v. Jones, supra,* 54 Cal.4th. at p. 353.)

## DISPOSITION

The 32-month terms on counts 2, 3, and 4 are stayed.  The trial court is directed to amend the abstract of judgment to reflect that the terms on counts 2, 3, and 4 are stayed pursuant to section 654, rather than concurrent, and to forward a certified copy to the California Department of Corrections and Rehabilitation.

---

[2]      The facts are taken from the Probation Officer's Report.